UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN GIARDINO, et al., | ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) Civil Action No. 06-00469 (ESH) |
| v. | ) <br> ) <br> ) <br> ) <br> ) |
| DISTRICT OF COLUMBIA, et al., | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND LACK OF SERVICE**

Defendants District of Columbia, Chief of Police Charles Ramsey, Executive Assistant Chief of Police Michael Fitzgerald, Assistant Chief Winston Robinson, Commander Michael Anzallo, Captain Mario Patrizio, and Lieutenant Jeffrey Parker,[1] by and through undersigned counsel, moves to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. This is a dispute arising from the MPD's efforts to increase the professionalism and performance of its detectives. Plaintiffs are two detectives who have resisted these changes and are using the vehicle of a federal lawsuit as a means to force the MPD to permit them to return to their previous unproductive work history. Plaintiffs' attempt to bring this dispute before the Court fails because each count is legally defective as a matter of law. A memorandum of points and authorities and a proposed Order accompany this motion.

---

[1] Although the Complaint identifies other defendants, it does not appear that they have been served.

Because this is a dispositive motion, LCvR 7.1(m) does not require consultation. Defendant's counsel did, however, speak with Plaintiff's counsel about this motion and some of the reasons that it should be granted on Thursday, May 18, 2006.

| | |
|---|---|
| Dated: May 22, 2006 | Respectfully submitted, |
| | ROBERT J. SPAGNOLETTI<br>Attorney General for the District of Columbia |
| | GEORGE C. VALENTINE<br>Deputy Attorney General<br>Civil Litigation Division |
| | /s/ Kimberly Johsnon<br>KIMBERLY MATTHEWS JOHNSON<br>Chief, General Litigation I<br>D.C. Bar No. 435163 |
| | /s/ Wendel Hall<br>WENDEL V. HALL<br>Assistant Attorney General<br>D.C. Bar No. 439344<br>Suite 6S012<br>441 4th Street, N.W.<br>Washington, D.C. 20001<br>(202) 724-6608<br>(202) 727-0431 (fax)<br>E-mail: wendel.hall@dc.gov |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLENN GIARDINO, <u>et al.</u>, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 06-00469 (ESH) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPROT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND LACK OF SERVICE**

### I.    INTRODUCTION

The civil rights laws do not protect people from the ordinary tribulations of the workplace nor provide a weapon for complaining about workplace decisions with which they disagree. This lawsuit is a compilation of such day-to-day complaints about many day-to-day decisions. Because the law does not reach such decisions, the plaintiffs have failed to state a claim upon which relief can be granted.

### II.   STATEMENT OF FACTS

Because this is a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded facts in the Complaint as true and give plaintiffs the benefit of all reasonable inferences from those facts. This statement of facts assumes that the Plaintiffs' allegations are true for the purposes of this motion only

3

Plaintiff Alexander Shepard alleges a series of retaliatory acts, but provides no dates so that a chronology can be made. He asserts that these acts were motivated by age. He makes no allegations against any Defendant other than Lieutenant Jeffrey Parker, Sgt. Thomas Boone, and Sgt. Mary Lanzaue. He alleges that Parker incorrectly "accused" him of failing to appear before a grand jury. Complaint, ¶ 1. He next alleges that Parker changed his days off. Complaint, ¶ 1. He alleges that Parker changed a leave book affecting Shepard's vacation time, but that the situation was corrected. Complaint, ¶ 1. He alleges that Parker "subpoenaed him to Court for legal matters." Complaint, ¶ 1. He alleges that Parker and Lanzaue gave him a negative performance evaluation. Complaint, ¶ 1. He alleges that an unknown person stole some of his property, but that it was returned. Complaint, ¶ 1. Shepard also alleges that he was not given instructions related to using a personnel records management system. Complaint, ¶ 1.

Plaintiff Glenn Giardino alleges that he began his "assignment to the third district detectives on June 24, 2001." Defendant Parker allegedly began his assignment as "commander (*sic*) of the third district detectives" in September 2004. Plaintiff Giardino then alleges that Parker transferred four detectives out of the third district squad before Parker was assigned to the Third District. Complaint, ¶ 2. Plaintiff Giardino next alleges that Lieutenant Parker did not take his side in a dispute with "an African-American male, Detective Epps." Complaint, ¶ 3. He also alleges that Lt. Parker verbally reprimanded him for using another detective's workstation. Complaint, ¶ 4. Giardino also claims that Lt. Parker subjected him to "verbal abuse," Complaint, ¶¶ 5, 7, and did not approve Giardino's request for leave as quickly as Giardino wanted. Complaint, ¶ 6. Giardino also alleges that his days off were changed. Complaint, ¶ 8. Giardino also complains that Sgt. Lanzaue asked him "to clear up" 67 old cases in ten days, cases that Giardino apparently had not yet completed. Complaint, ¶ 10. Giardino also complains about his

4

performance evaluation. Complaint, ¶ 13. Plaintiff Giardino also asserts that Lieutenant Parker investigated whether he engaged in misconduct. Complaint, ¶ 14. Finally, Plaintiff Giardino was transferred to another police district. Complaint, ¶ 15.

### III. ARGUMENT

Defendants respectfully request that the Court dismiss Plaintiffs' Complaint. Even construed most favorably to them, the Complaint is nothing more than a series of work-related grievances and grumblings about their supervisors. It does not state a claim under any of the theories alleged.

A.    Standards of Review.

The standards for considering a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) are well-established. "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests." Runkle v. Gonzales, 391 F. Supp. 2d 210, 220 (D.D.C. 2005)(citations and internal punctuation omitted.)

At the same time, however, "a plaintiff set forth facts sufficient to allege each element of his claim," Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002), quoted in Major v. Plumbers Local Union No. 5, 370 F. Supp. 2d 118, 129 (D.D.C. 2005), and the Court may explore whether or not Plaintiff has alleged any set of facts that could ever state a violation of the law. Runkle, 391 F. Supp. 2d at 221; see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Brooks-Miller v. England, 357 F. Supp. 2d 197, 201 (D.D.C. 2004); Rochon v. Ashcroft, 319 F. Supp. 2d 23 (D.D.C. 2004). "[In particular, the Court may assess whether Plaintiff has alleged sufficient facts to demonstrate that [he] has been subject to an adverse action." Runkle, 391 F. Supp. 2d at 222; Rochon, 319 F. Supp. 2d at 29.

5

B. <u>The Complaint Makes No Allegations Whatsoever Against Chief Of Police Charles Ramsey And Executive Assistant Chief Of Police Michael Fitzgerald</u>.

The Court should dismiss Defendants Charles Ramsey and Michael Fitzgerald as the Complaint makes no allegations against them. Rule 8(a) of the Federal Rules of Civil Procedure requires the Complaint to provide a statement of the claim against these individuals. Plaintiffs have failed to meet this standard with respect to these Defendants, thus they should be dismissed.

C. <u>The Complaint Fails To State A Claim Against Captain Mario Patrizio, Commander Michael Anzallo, and Assistant Chief Winston Robinson</u>.

The Complaint's sole allegation involving Captain Patrizio is that he told "a representative of the plaintiff" that Assistant Chief Winston Robinson decided to transfer Plaintiff Giardino. Complaint, ¶ 15. Commander Anzallo, a subordinate of Assistant Chief Robinson, supposedly "concurred" with his decision. It is clear that providing information to "a representative of the plaintiff" is not unlawful. It is also clear that a lateral transfer without more is not an adverse action under Title VII and related laws. <u>Brown v. Brody</u>, 199 F.3d 446, 458 (D.C. Cir. 1999). Defendants Patrizio, Robinson, and Anzallo should be dismissed.

D. <u>Plaintiff Shepard Has Failed To Demonstrate That He Has Experienced An Adverse Action Or Exhausted His Administrative Remedies</u>.

Plaintiff Shepard bases his claim of discrimination on 3 alleged incidents. One is a disappointing performance evaluation. The second is his allegation that he did not receive instructions for a personnel management system. Finally, Shepard also complains about being reprimanded for not appearing in Court pursuant to subpoenas. All but one of these alleged incidents are characterized as unlawful retaliation.

Plaintiff Shepard did not exhaust his administrative remedies as to these claims. He filed a charge with the EEOC on November 4, 2005 alleging a hostile work environment based on

6

age. See Exhibit 1. He did not allege that he experienced any retaliation nor did he amend his charge in accordance with EEOC regulations.

The law concerning the relationship between an EEOC charge and a subsequent Complaint was articulated by the District of Columbia Circuit in Park v. Howard Univ., 71 F.3d 904 (D.C. Cir. 1995). The D.C. Circuit in Park reversed the district court's entry of judgment in favor of Plaintiff because she had not exhausted her administrative remedies before the EEOC. The plaintiff filed a Charge of Discrimination alleging that the defendant had discriminated against her on a disparate treatment theory. In her Complaint, Plaintiff also alleged that she had experienced a hostile work environment and ultimately prevailed at trial on this new claim.

The D.C. Circuit reversed the judgment entered in the plaintiff's favor. The Court of Appeals first noted that Title VII "requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge." Park, 71 F.3d at 907. This requirement, in turn, leads to the rule that:

> A Title VII lawsuit following the EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." At a minimum, the Title VII claims must arise from "the administrative investigation that can reasonably be expected to follow the charge of discrimination." The administrative charge requirement serves the important purposes (*sic*) of giving the charged party notice of the claim and "narrowing the issues for prompt adjudication and decision."

Park, 71 F.3d at 907 (internal citations omitted).

This case presents the mirror image of Park: here, the plaintiff alleges disparate treatment but charged hostile work environment. He therefore did not exhaust his administrative remedies as to the claims of disparate treatment. Moreover, Plaintiff Shepard has never exhausted his administrative remedies with respect to the alleged acts of retaliation listed in the Complaint, having never filed a charge with respect to them. Black v. Tomlinson, 2006 U.S. Dist. LEXIS

7

14898 (D.D.C. 2006), citing AMTRAK v. Morgan, 536 U.S. 101, 105 (2002). After the Supreme Court's decision in Morgan, courts have required a potential plaintiff to separately charge and exhaust his or her administrative remedies as to allegations of post-charge retaliation. Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 149 (D.D.C. 2005). Because Plaintiff alleges distinct acts of purported retaliation, he was required to file a charge as to each within the time period required by the ADEA. Since he did not, Plaintiff's retaliation claims should be dismissed.

Plaintiff has not alleged that he experienced an adverse action. Nothing the Plaintiff alleges, even accepted as true and construed most favorably to him, amounts to an adverse action. "A reprimand that amounts to a mere scolding, without any disciplinary action which follows, does not rise to the level of adverse action." Childers v. Slater, 44 F. Supp. 2d 8, 20 (D.D.C. 1999), vacated in part on other grnds., 197 F.R.D. 185, 191 (D.D.C. 2000). Thus, Shepard's allegations relating to the failure to make court appearances do not constitute adverse actions.

Plaintiff also alleges that he received a negative performance evaluation. This is not an adverse action either. "Formal criticism and poor performance evaluations do not ordinarily constitute 'adverse actions.'" Weigert v. Georgetown Univ., 120 F. Supp. 2d 1, 17 (D.D.C. 2000). Because Plaintiff Shepard does not allege any repercussions except for his subjective dissatisfaction with the evaluation, the referenced performance evaluation does not amount to an adverse action. Lastly, the allegation that Shepard did not receive certain instructions when he wished is not an adverse action since it did not materially affect the terms and conditions of his employment. "Mere idiosyncracies of personal preference are not sufficient to state an injury." Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999).

Finally, Plaintiff Shepard purports to allege causes of action under statutes other than the ADEA. They all are without merit. First, he did not file a charge under Title VII with the EEOC. Second, alleged age discrimination does not support a cause of action under 42 U.S.C. § 1983. Such an end-run around the substantive limitations of the ADEA is impermissible and has been rejected by substantially all of the courts considering it.. Middlesex Co. Sewerage Auth. v. Nat'l Sea Clammers Assn., 453 U.S. 1, 20 (1981); Great American Savings & Loan v. Novotny, 442 U.S. 366, 378 (1979); Onan v. County of Roanoke, 1995 U.S. App. Lexis 9085 (Feb. 2, 1995 4th Cir.); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 143 (2d Cir. 1993); Izquierdo Prieto v. Rosa, 894 F.2d 467, 470 (1st Cir. 1990); Polson v. Davis, 895 F.2d 705, 711 (10th Cir. 1990); Gray v. Lacke, 885 F.2d 399, 414 (7th Cir. 1989); Greenwood v. Ross, 778 F.2d 448, 455 (8th Cir. 1985); Day v. Wayne County Bd. of Auditors, 749 F.2d 1199, 1204 (6th Cir. 1984); Irby v. Sullivan, 737 F.2d 1418, 1428 (5th Cir. 1981); Zombro v. Baltimore City Police, 868 F.2d 1364, 1371 (4th Cir. 1989)(ADEA).[2]

Moreover, Plaintiff Shepard has not alleged a basis for municipal liability under § 1983. A municipality, however, is liable under section 1983 only when the injury arises from an official municipal policy or custom. To state a claim against a municipality, therefore, a plaintiff 'must allege not only a violation of his rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation.' Hurt v. District of Columbia, 2005 U.S. App. LEXIS 18600, 1-2 (D.C. Cir. 2005) (citations omitted). Plaintiff Shepard has made no allegations upon which municipal liability could be based.

---

[2] At the same time, however, Plaintiff is not precluded from bringing a § 1983 action if the rights that form the premise of the action are distinct from those protected under Title VII. See, e.g. Izquierdo Prieto v. Rosa, 894 F.2d 467, 470 (1st Cir. 1990); Kellar v. Prince George's County, 827 F.2d 952 (4th Cir. 1987).

Plaintiff Shepard also alleges a violation of 42 U.S.C. § 1985(2). "Section 1985(2), in relevant part, proscribes conspiracies to "deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified." Haddle v. Garrison, 525 U.S. 121, 124 (1998). Plaintiff Shepard's allegations are precisely the opposite: that Lieutenant Parker improperly reprimanded him for failing to appear when he had been excused. In other words, far from deterring Shepard from appearing, Lieutenant Parker wanted him to appear. Moreover, Plaintiff Shepard does not allege that a conspiracy of any kind existed. As such, he has failed to state a claim under any of the statutes upon which he bases his Complaint. The Complaint should be dismissed.

      D.    <u>Plaintiff Giardino Has Failed To Demonstrate That He Has Experienced An Adverse Action Or Exhausted His Administrative Remedies</u>.

Many of the same reasons that require the dismissal of Plaintiff Shepard's claim also lead to the dismissal of Plaintiff Giardino's claim. First, Plaintiff Giardino has failed to exhaust his administrative remedies under Title VII because his EEOC charge alleges only "harassment" and makes no allegations of disparate treatment. Park v. Howard Univ., 71 F.3d 904 (D.C. Cir. 1995), again controls. Title VII "requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge." Park, 71 F.3d at 907. This requirement, in turn, leads to the rule that:

> A Title VII lawsuit following the EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." At a minimum, the Title VII claims must arise from "the administrative investigation that can reasonably be expected to follow the charge of discrimination." The administrative charge requirement serves the important purposes (*sic*) of giving the charged party notice of the claim and "narrowing the issues for prompt adjudication and decision."

10

Park, 71 F.3d at 907 (internal citations omitted).  Except for a claim that he was subjected to a verbal reprimand, Complaint, ¶ 7, none of the alleged acts of disparate treatment were mentioned anywhere in his charge of discrimination.  In fact, according to the Complaint, most of the alleged incidents occurred after the filing of his charge with the EEOC on April 1, 2005.  See Complaint, ¶¶ 10, 11, 13, 14, 15.  They were not made a part of the charge as required, Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 149 (D.D.C. 2005), and Plaintiff Giardino therefore may not use them to support his Title VII claim.

Of the remaining alleged incidents, three of them relate to informal criticism from Lieutenant Parker.  Complaint, ¶¶ 4, 5, 7.  These do not amount to adverse actions.  "A reprimand that amounts to a mere scolding, without any disciplinary action which follows, does not rise to the level of adverse action."  Childers v. Slater, 44 F. Supp. 2d 8, 20 (D.D.C. 1999), vacated in part on other grnds., 197 F.R.D. 185, 191 (D.D.C. 2000).  Thus, Giardino's allegations relating to being scolded do not constitute adverse actions upon which he can base a discrimination claim.

The two remaining allegations are that Lieutenant Parker did not investigate an incident to which he allegedly was an "ear witness" and that Lieutenant Parker did not approve a request for committed leave as soon as Plaintiff Giardino wanted.  Neither of these actions are the kind of material employment action that qualifies as an adverse action.  Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006) ("Indeed, we have already held that materiality is implicit in the term 'discriminate' as it is used in Title VII."); Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999) ("an actionable injury" requires "some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible

harm."). Even construed most favorably to Plaintiff Giardino, neither of these incidents, either singly or jointly, is actionable.

With respect to Plaintiff Giardino's other causes of action under 42 U.S.C. §§ 1983 & 1985(2), he fails to state a claim for the same reasons that Plaintiff Shepard did. He has not alleged a basis for municipal liability nor has he alleged that he was in any way deterred from jury service. Haddle v. Garrison, 525 U.S. 121, 124 (1998). Plaintiff Giardino therefore also fails to state a claim upon which relief can be granted.

### IV.     CONCLUSION

The civil rights laws do not protect people from the ordinary tribulations of the workplace nor provide a weapon for complaining about workplace decisions with which they disagree. They protect people from actions that cause them material harm if those actions were based on an unlawful motive. Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999). The plaintiffs in this case approach the Court with a litany of complaints about minor grievances and disagreements with their supervisors. None involve material harm and none are the kind of action that supports a federal civil rights complaint. Plaintiffs' complaint should be dismissed.

Dated: May 22, 2006                             Respectfully submitted,

                                                ROBERT J. SPAGNOLETTI
                                                Attorney General for the District of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General
                                                Civil Litigation Division


                                                /s/ Kimberly Johnson
                                                KIMBERLY MATTHEWS JOHNSON
                                                Chief, General Litigation I
                                                D.C. Bar No. 435163

/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GLENN GIARDINO, <u>et al.</u>, | ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) Civil Action No. 06-00469 (ESH) |
| v. | ) <br> ) <br> ) <br> ) <br> ) |
| DISTRICT OF COLUMBIA, <u>et al.</u>, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**ORDER**

Having considered Defendants' Motion to Dismiss, the memorandum of points and authorities in support, Plaintiff's Opposition, Defendant's Reply, if any, and the entire record herein, it is, this ____ day of ____, 2006:

ORDERED:   that Defendant's Motion to Dismiss shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED:   that Plaintiffs' Complaint shall be, and hereby is, DISMISSED.

_____
Ellen Segal Huvelle
United States District Judge

14

cc:

Wendel V. Hall, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.   20001

Sol Z. Rosen, Esq.
2501 Calvert Street, N.W.
No. 212
Washington, D.C.   20008