United States District Court
For the District of Columbia

Glenn Giardino et .al

V.     Civil Action NO. 06-00469(ESH)

The District of Columbia et.al

## Opposition to Motion to Dismiss

The plaintiffs' oppose the motion to dismiss filed by the defendants and in support of their opposition, they rely upon their affidavits as a counter statement of facts in dispute, a memorandum of law, and a motion in accordance with rule 56(f) of the federal rules of civil procedure to defer consideration of the motion to dismiss since discovery has not commenced as yet and is crucial to the presentation of the case of the plaintiff. In support it alleged as follows; .

1) All of the defendants have been served by a special process server so that the claim that the complaint should be dismissed for lack of service of process is moot.

2) As the memorandum of law indicates, the motion submitted by the defendants is really one for a judgment on the pleadings. The pleadings can be amplified by an amended pleadings either at this time or after discovery has closed, the latter being preferred.

**WHEREFORE** it is prayed that the motion is denied.

1

_____
Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 296-9375

The Certificate of Service

I certify that a copy of the above was served by mail and electronic filing on the office of the Attorney general For the District of Columbia on the 19th of June 20006

_____
Sol Z. Rosen Esq.

United States District Court
For the District of Columbia

Glenn Giardino et. Al

V.                                             Civil Action NO. 06-00469(ESH)

The District of Columbia et.al

### The Memorandum of Law in Support of Opposition to Motion to Dismiss

The plaintiff's file the following memorandum of law in support of the opposition to the motion to dismiss the complaint for failure to state a cause of action. In support of the opposition the plaintiff's supplied two affidavits from the plaintiff's that reveals that they are the victims of employment discrimination, a hostile work environment and denial of their rights as police officers for the District of Columbia under the constitution and several statutes enacted by Congress to secure redress for being denied terms and conditions of their employment.

1) Initially, it should be noted that all of the listed defendants have now been served by a special process server so that the application of the defendants to dismiss for failure to serve process is now moot.

2) Under doctrines from the Supreme Court of the United States, Swierkiewicz v.. Sorema, N.A., 534 US 512(2002), the plaintiff's have made out a prima facie case of discrimination based upon the factors listed, such as race and age. The remainder of the facts in support of their case will be adduced through the many discovery devices available to them under the rules of civil procedure. An application for discovery under rule 56(f) of the federal rules of

civil procedure has been filed with the court and it is requested that the court grant the same and deny the motion to dismiss at this time pending a period of discovery allowed to the parties.

3) The plaintiffs' concede that there was error in listing a violation of 42 U.S.C. 1985(2). The violations charged should have read "42 U.S.C. 1985(3) and 42 U.S.C. 1986". The plaintiff's request that the Court allow an amendment to the complaint to conform to the statute or treat the same as amended to refer to the sections listed herein.

4) The allegations of the defendants that the plaintiffs are using the machinery of civil rights laws to grieve poor performances as officers of the Metropolitan Police Department are misplaced and an outrageous allegation against their integrity. They have served the citizens of the District of Columbia with dignity and honor and always received good reviews for their performances. It was only after their complaints to officials of the government that they were subjected to discriminatory conduct that their so-called "reviews" were below average

5) The recent decision by the United States District Court for the District of Maryland. Ensko v. Howard County Maryland et al, 423 FS 2nd 502 (2006) is directly on the point and answers all of the issues raised by the defendants in this case. While it cites many opinions from the Fourth Circuit Court of Appeals, its language, rationale and rulings are relevant to the case at hand. The decision alludes to the several theories of liability that the plaintiffs herein have alleged and denied the motion to dismiss the complaint on similar grounds that the defendants allege in their pleadings. For example, the defendants allege that section 1983 liability is not appropriate because the plaintiffs to show that the injuries were the result of a policy or custom of harassment within the Howard County Police Department. The trial court noted that Municipal liability may apply, however when municipal policy or custom inflicts the violation(slip opinion

2

page 11,)citing Monell v. Department of Social Services, 436 US 658(1972); Spell v. McDaniel, 824 F2nd 1380(4th Circ. 1987); Jones v. Ziegler, 895 F. Supp. 880(D. Md. 1995). The court observed that municipal policies include formal and informal decisions made by municipal officials authorized to make final decisions Castle v. Wolford, 165 F 3rd 17, (4th circ. 1998). The court added that municipal customs that is established by persistent, widespread practices of municipal, whether specifically authorized or not, which are so permanent and well settled as to have the force of law. The court also added that constructive knowledge of such a custom can be inferred from the "widespread extent of the practices, general knowledge of their existence, manifest opportunities and official duty of responsible policy makers to be informed.... Randall v. Prince George's County, Md. 302 F3rd 188(4th Circ. 2002)(slip opinion page 11). Thus, 1983 liabilities are proper in this case against all of the defendants.

6) The plaintiffs have brought a claim against the chief of police in his individual and official capacity. As the Ensko, decision, supra, points out that while there may not be *respndeat superior* liability under section 1983, supervisory officials may be held liable for constitutional violations of their employees if their indifference or tactic authorizations of subordinates misconduct causes injury(slip opinion 12), citing Randall, supra and Shaw v. Stroud 13 F3rd.791(4th Circ.1994); Mikkelson v. DeWitt, 414 Fed Appx 88,slip opinion, 4th Circ. 2005). The Court then went on to note that liability is determined by "pinpointing in the decision making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked, "citing Shaw at 798(quoting Slakan v. Porter, 737 F2nd 368(4th Circ. 1984). The issue is ordinarily one of fact, not law, Id. at 799. The opinion then proceeds to discuss the factors which establish supervisory liability under section 1983. The same rational applies to all

3

of the other defendants who were sued in their individual and official capacity in these proceedings. Thus, for the reasons stated, the motion to dismiss must be denied and the case proceeds to trial.

7) The issue of municipal liability on the District of Columbia is also a question of fact to be decided by a jury. As the Ensko court, supra, noted, (slip opinion page12) where there is evidence of harassment over a period of time by multiple officials of the police department of the District of Columbia, there is a genuine issue of whether such harassment was so widespread as to be a policy or custom of the MPDC

8) Regarding the claims under title VII of the Civil Rights Act of 1964, the plaintiffs rely upon the continuing violation theory and allege that under the decision of National Railroad Passenger Corp. v. Morgan. 536 U.S. 101(2002), to indicate that the acts complained about in their petitions to the Court for reliefs are timely. Moreover the plaintiff's have alleged in their lawsuit that they have been subjected to adverse employment conditions which will be amplified upon when discovery is concluded with the consent of the court.

Thus, for the reasons stated, the motion to dismiss must be denied/

Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 296-9375

4

## The Certificate of Service

I certify that a copy of the above has been served on the office of the Attorney general of District of Columbia on the 19th of June 2006 by mail and ECF.

*Sol Z. Rosen Esq.*