United States District Court
For the District of Columbia

Glenn Giardino et .al

V.                              Civil Action NO. 06-00469(ESH)

The District of Columbia et.al

Motion to Defer Consideration of Motion to Dismiss

The plaintiffs move this court for an order to defer the consideration of the motion to dismiss filed by the defendants in accordance with rule 56(f) of the federal rules of civil procedure. In support it is alleged. as follows;

1) The government has alleged that the complaint should be dismissed for failure to state a claim upon which relief can be granted in accordance with rule 12(b) of the rules of the Federal Rules of Civil procedure. The plaintiffs have not had any discovery as yet which is mandated by the Federal Rules of Civil procedure which can support their claims and indicate that the motion of the defendants is without merit and unwarranted.

2) A crucial factor is the need for discovery of the policies, rules and regulations of the defendants and their motives for mistreating the plaintiff in the manner that they did so as to violate the many statutory basis for the claims of the plaintiffs. The plaintiffs have made out a *prima facie* case to establish employment discrimination but need the requested discovery, including depositions of the defendants to support their claims that their statutorily protected rights were violated by the conduct of the defendants who were acting in the scope of their employment and as agents for the defendant, the District of Columbia.

3) In the recent case of Chappell-Johnson v. Donald E. Powell, Chairman, FDIC,

(U.S.C.A. DC CIRC, - F3rd, _(2006), 2005 WL 3867416,the Court of Appeals held that the appellant is entitled to the discovery that she seeks(slip opinion page 8). The plaintiffs' affidavit and the statement of the undersigned show the types of evidence that might raise an inference of discrimination, evidence regarding the District of Columbia's policy of treating officers of the Metropolitan Police Department in their day-to-day activities . . . The Court cited Swierkiewicz v. Sorema N.A. 534 US 506,512(2002) where it was noted the courts may not impose a prima facie case requirement in a "rigid, mechanized or ritualistic way.

4) The plaintiff alleges. as in the Chappell-Johnson case, supra, that discovery would reveal among other things, the process by which the acts of employment discrimination by the defendants were undertaken as a manifestation of the official policy of the District of Columbia in denying the rights of the plaintiffs to employment protection from invidious discrimination by their superiors.

Thus, for the reasons, stated, it is prayed that the court defers consideration of the motion to dismiss and allow the plaintiff discovery to refute the erroneous allegations of the defendant.

Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 206-9375

## The Certificate of Service

I certify that a copy of the above was served on the office of counsel for the defendant by mail and electronic mail on the 19th Day of June 2006.

_____
Sol Z. Rosen Esq.