**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLENN GIARDINO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 06-00469 (ESH) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant District of Columbia respectfully submits that the plaintiff officers' complaint should be dismissed. The complaint does not state a claim upon which relief can be granted. Federal anti-discrimination law does not provide a cause of action for the "ordinary tribulations of the workplace." Welzel v. Bernstein, 2006 U.S. Dist. LEXIS 45754 (D.D.C. 2006) (Title VII); Carter v. Greenspan, 304 F. Supp. 2d 13, 25 (D.D.C. 2004) (same). Even construed as favorably as possible, the officers describe nothing more than the day-to-day tribulations of working in a modern workplace. The Complaint should be dismissed.

 A. The Court Should Dismiss Defendants Ramsey, Fitzgerald, Patrizio, Anzallo, and Robinson.

Under Fed. R. Civ. P. 8(a), a defendant is entitled to fair notice of the claims made against him or her. The rule is clear: "A complaint must give the court and the defendant fair notice of the claim being asserted and the grounds upon which it rests, sufficient to identify the

legal issues presented and prepare an adequate defense." Sebastian v. Wenzel, 2004 U.S. Dist. LEXIS 6257, * 2 (D.D.C. 2004).

Plaintiffs' complaint provides no such notice against Chief Ramsey, Executive Assistant Chief Fitzgerald, Assistant Chief Robinson, Commander Anzallo, or Captain Patrizio. It does not mention Chief Ramsey or Executive Assistant Chief Fitzgerald and merely mentions the others generally in the course of its factual recitation. There is no allegation of any personal action that might form the basis of an allegation of deliberate indifference. To the extent that the plaintiffs intended to sue these officials in their official capacity, the suits against them are in reality suits against the District and should be dismissed as redundant. Scott v. District of Columbia, 2006 U.S. Dist. LEXIS 32461 (D.D.C. 2006).

B.   Sheparard Has Not Stated A Claim Upon Which Relief Can Be Granted.

Shepard did not oppose Defendant's argument that he failed to exhaust his administrative remedies as to any issue other than the allegations concerning sick leave status and grand jury duty. This argument should therefore be treated as conceded.[1] Fed. R. Civ. P. 7. Nor does he respond to Defendants' analysis of the defects in his other causes of action. He does not allege that he filed a charge under Title VII. He cannot, as a matter of law, use § 1983 to allege an age discrimination claim. Middlesex Co. Sewerage Auth. v. Nat'l Sea Clammers Assn., 453 U.S. 1, 20 (1981); Great American Savings & Loan v. Novotny, 442 U.S. 366, 378 (1979); Onan v. County of Roanoke, 1995 U.S. App. Lexis 9085 (Feb. 2, 1995 4th Cir.); Saulpaugh v. Monroe

---

[1] It appears that Shepard filed an amendment to his original charge 9 days before he filed his complaint. Since there is no allegation that the EEOC has issued a right to sue notice (such a notice would be premature because 180-days have not elapsed, Martini v. Fannie Mae, 178 F.3d 1336 (D.C. Cir. 1999)), that purports to include the new charges. Shepard has therefore failed to exhaust with respect to these charges.

Community Hosp., 4 F.3d 134, 143 (2d Cir. 1993); Izquierdo Prieto v. Rosa, 894 F.2d 467, 470 (1st Cir. 1990); Polson v. Davis, 895 F.2d 705, 711 (10th Cir. 1990); Gray v. Lacke, 885 F.2d 399, 414 (7th Cir. 1989); Greenwood v. Ross, 778 F.2d 448, 455 (8th Cir. 1985); Day v. Wayne County Bd. of Auditors, 749 F.2d 1199, 1204 (6th Cir. 1984); Irby v. Sullivan, 737 F.2d 1418, 1428 (5th Cir. 1981); Zombro v. Baltimore City Police, 868 F.2d 1364, 1371 (4th Cir. 1989)(ADEA). Nor did Shepard provide Defendant any notice that he was making an allegation that a policy of the District was the moving force behind an alleged constitutional violation. In short, Plaintiff Shepard has failed to state a claim upon which relief can be granted.

    C.    Giardino Has Not Stated A Claim Upon Which Relief Can Be Granted.

Like Plaintiff Shepard, Giardino did not respond to Defendant's argument that he failed to exhaust his administrative remedies. Except for a claim that he was subjected to a verbal reprimand and that cases were withheld, Complaint, ¶¶ 7, 10, none of the alleged acts of disparate treatment were mentioned anywhere in his charge of discrimination. In fact, according to the Complaint, most of the alleged incidents occurred after the filing of his charge with the EEOC on April 1, 2005. See Complaint, ¶¶ 11, 13, 14, 15. They were not made a part of the charge as required. Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 149 (D.D.C. 2005). Plaintiff Giardino therefore may not use the other matters to support his Title VII claim. As consistently articulated in the law of this jurisdiction, a verbal reprimand is not an actionable adverse action. "A reprimand that amounts to a mere scolding, without any disciplinary action which follows, does not rise to the level of adverse action." Childers v. Slater, 44 F. Supp. 2d 8, 20 (D.D.C. 1999), vacated in part on other grnds., 197 F.R.D. 185, 191 (D.D.C. 2000). Thus, Giardino's allegations relating to being scolded do not constitute adverse actions upon which he can base a discrimination claim. Moreover, his invocation of the "continuing violation" doctrine

3

to revive discrete allegedly discriminatory acts is without merit in light of the Supreme Court's decision in National Rail Passenger Corp. v. Morgan, 536 U.S. 101 (2002). See Shea v. Rice, 409 F.3d 448, 451 (D.C. Cir. 2005) ("In Morgan, the Court foreclosed the use of the 'continuing violation' doctrine to restore an untimely claim involving a separate act of discrimination "such as termination, failure to promote, denial of transfer, or refusal to hire.")

Giardino's § 1983 claim fails for the same reasons that Shepard's did. Nothing in the complaint indicates that a policy of the District was the moving force behind an alleged constitutional violation. Giardino's claim, now under 42 U.S.C. § 1985(3),[2] fails because he does not allege that the allegedly discriminatory actions were the result of a conspiracy against him. Sacco v. United States Marshals Serv., 1996 U.S. App. LEXIS 10786 (D.C. Cir. 1996) (citations omitted); see also Kush v. Rutledge, 460 U.S. 719, 726 (1983); Griffin v. Breckenridge, 403 U.S. 88, 101 (1971). Moreover, the city cannot conspire with itself. Williams v. Fannie Mae, 2006 U.S. Dist. LEXIS 42911, *24 (D.D.C. 2006). Nor can such a conspiracy exist when the employees are alleged to have acted within the scope of their employment. Weaver v. Gross, 605 F. Supp. 210, 214 (D.D.C. 1985).

D.   Conclusion

The civil rights laws do not protect people from the ordinary tribulations of the workplace nor provide a weapon for complaining about workplace decisions with which they disagree. They protect people from actions that cause them material harm if those actions were based on an unlawful motive. Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999). The plaintiffs in this

---

[2] Neither Plaintiff specifically alleges any cause of action under a specific statute. In fact, Plaintiffs only seek damages under Title VII and, as such, it can be inferred Title VII is the only statutory basis for a cause of action. In an abundance of caution, Defendants have addressed other possible theories. They wish to note their objection under Fed. R. Civ. P. 15(b)

case approach the Court with a litany of complaints about minor grievances and disagreements with their supervisors.  None involve material harm and none are the kind of action that supports a federal civil rights complaint.  Plaintiffs' complaint should be dismissed.

Dated: July 11, 2006                               Respectfully submitted,

                                                   ROBERT J. SPAGNOLETTI
                                                   Attorney General for the District of Columbia

                                                   GEORGE  C. VALENTINE
                                                   Deputy Attorney General
                                                   Civil Litigation Division


                                                   /s/ Kimberly Johnson
                                                   KIMBERLY MATTHEWS JOHNSON
                                                   Chief, General Litigation I
                                                   D.C. Bar No. 435163



                                                   /s/ Wendel Hall
                                                   WENDEL V. HALL
                                                   Assistant Attorney General
                                                   D.C. Bar No. 439344
                                                   Suite 6S012
                                                   441 4th Street, N.W.
                                                   Washington, D.C.  20001
                                                   (202) 724-6608
                                                   (202) 727-0431 (fax)
                                                   E-mail: wendel.hall@dc.gov

---

and that they do not consent to the adjudication of any claim other than a Title VII cause of action.

5