United States District Court
For the District of Columbia

Glenn Giardino and
Alexander Shepard

V.                        Civil Action No.06-0496 (ESH)

The District of Columbia et.al.

### The Memorandum of Law in Support of Amended Complaint

The following memorandum of law is submitted to the Court in light of certain representations made by the Court as to the law that is to be applied in construing the motion to dismiss filed by the defendants.

1) The plaintiffs did plead violations of the District of Columbia Human Rights law in the initial complaint, contrary to the representations made by the court. Thus, there is individual liability under that law for the individual defendants.

2) Section 1985(3) of Title 42 of the United States Code continues to present a difficult problem with statutory construction. In the case of. Great American Federal Savings and Loan Association v. Novotny, 442 U.S. 366(1979), the majority opinion stated that the section does not apply to Title VII allegations. Three Justices, Brennan, Marshall and White dissented from that ruling. Two justices, Powell and Stevens, stated there is a cause of action, in their concurrence, if the rights arise under the constitution of the United States. Thus a plurality of Justices found that there is a viable claim under this section for violation of constitutionally

protected rights. The plaintiffs urge the court to consider the continued viability of the holding of the Novotny decision, supra, in light of the trend of recent case law that has expanded employee rights against acts of employment discrimination This section is violated when two or more persons conspire to deprive a person of equal protection of the laws and/or privileges and immunities under the laws. Barbour v. Merrill, 48 F3rd, 1279,1280(D. C.. Circ.1995),cert. dismissed 516 U.S. 1155((1996).This section merely provides a remedy for violations of the rights is designates.(Novotny, supra, at page 372). The section requires a conspiracy among two or more persons for the purpose of depriving any person of equal protection of the laws or of equal privileges and immunities under the laws, an over act by a conspirator in furtherance of the conspiracy and the resulting injury to one's person or property or the deprivation of rights or privileges..The evidence to be adduced at trial will show that there existed a conspiracy to ignore the claims of employment discrimination against the individual defendants and to deprive them of their federally protected rights and rights guaranteed by the Human Rights Law of the District of Columbia. Thus, it is prayed that the courts allow the claim against this section to stand. This application is made to the court within the spirit and framework of rule 11(b)(2) of the federal rules of Civil Procedure. Compare Plessy v. Ferguson, 163 U.S. 537(1896) and Brown v. Board of Education 349 US483(1954)..

2) Section 1981 of Title 42 was amended in 1991 to expand the rights of victims of employment discrimination to seek redress in court and to overrule the restricted decision of the United States Supreme Court in Patterson v. McLean Credit Union, 491 US 164(1989). The act now covers all forms of discrimination based upon race. The two procedures are not mutually exclusive and augment each other (Lightner v. Town of Ariton Ala.,902 F Supp. 1489(M.D. Ala

2

1995) and authorities cited therein).Thus the plaintiffs have a cause of action under that section and will show that there was discriminatory intent on the part of the defendants to deprive both plaintiffs of their federally protected rights. It has been held that a Title VII plaintiff is not precluded from bringing a concurrent section 1983 action such as a claim for denial of equal protection so long as the 1983 claim is based upon a distinct violation of a constitutional right Patterson v. County of Oneida NY. 375 F3rd 206(2nd Circ. 2004); Guerlinger v. New York State Police 15 Fed 3rd,32,34(2nd Circ. 1994).It has also been held that while Title VII claims are not cognizable against individuals, individuals may be held liable under section 1981 and section 1983 for certain types of discriminatory acts, including those that give rise to a hostile work environment Whidbee v. Garzarelli Food Specialties Inc. ,223 F3rd 62,75(section 1981), (2nd Circ. 2000).; Hayut v. State University of New York 352 F3rd 733,753-54(2nd Circ. 2003)(section 1983).

    3) Section 1983 of Title 42 also provides a remedy for violation of protected rights when the actor performs the violation "under the color of law" In the case of Hafer v. Melo, Jr., 502 U.S. 21, the Supreme Court, per Justice O'Connor, held that state officers may be personally liable for damages under section 1983 based upon actions taken in their official capacities; (2) officers' potential liability is not limited to acts under color of state law that are outside their authority or not essential to operation of state government, but also extends to acts within their authority and necessary to performance of governmental functions; and(3) the Eleventh amendment does not erect a barrier to suits to impose individual and personal liability under section 1983. id. Monroe v. Pape,365 U.S. 167(1961).

    4) On the issue of municipal liability under section 1983,The District of Columbia can be

3

sued directly under section 1983 for monetary, declaratory or injunctive relief when the alleged unconstitutional action"implements or executed a policy statement, ordinance,regulation or decision officially adopted and promulgated by that body Monell v. Department of Social Services of New York City 436 U.S. 658(1978).Moreover local governing bodies may be sued for constitutional deprivations emanating from "custom, although such a custom is not the product of formal adoption via the body's official decisionmaking regime Adickes v. S.H. Kress and Co., 398 U.S. 144(1970).Officials who have "final policymaking" authority may, by their actions, subject the respective municipality to section 1983 liability City of St. Louis v. Prapotnik, 495 U.S. 112((1988).The rationale is that if one has final policymaking authority that people's decisions are essentially the municipal's policy. Brown v. City of Lauderdale, 923 F2nd 1474,1481(11th Circ.1991. Whether an official has final policymaking authority is a question of state law Pembaur v. Cincinatti 475 US 469,483(1986).

5) It has been held that under Monell, supra, to show a policy, custom, or practice, the plaintiff need not identify an express rule or regulation. Sorlucco v. New York City Police Department, 971 F2nd 864,870(2nd Circ. 1992).In the Sorlucco case, supra, the court noted that it is sufficient to show that a discriminatory practice of subordinate officials was so persistent or widespread as to constitute a custom or usage with the force of law, or that the discriminatory practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy making officials. It has also been held that a policy, custom or practice may also be inferred where the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction. Kern v. City of Rochester, 93 F3rd 38,44(2nd Circ. 1996), *cert. den.* 520 U.S. 1155)1997).

6) The plaintiffs have indicated in this memorandum that there is ample case law from the various courts cited to support their claims against the District of Columbia and the individual defendants in their individual capacities thus allowing the case to proceed to trial on all theories of law cited.

*/s/ Sol Z. Rosen*
Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D/C. 20008
(202) 206-8485
Fax(202) 296-9375

### The Certificate of Service

I certify that a copy of the above was served by electronic mail on the office of the Attorney General on the 11th Day of August, 2006 and first class mail.

*/s/ Sol Z. Rosen*
Sol Z. Rosen Esq.