UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLENN GIARDINO, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 06-00469 (ESH) |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

Defendants District of Columbia, Chief of Police Charles Ramsey, Executive Assistant
Chief of Police Michael Fitzgerald, Assistant Chief Winston Robinson, Commander Michael
Anzallo, Captain Mario Patrizio, and Lieutenant Jeffrey Parker, by and through undersigned
counsel, moves to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can
be granted.  On July 12, 2006, this Court granted Defendants' original Motion to Dismiss
without prejudice and tolled the running of various limitations periods.  The Court indicated
from the bench that Plaintiffs would have an opportunity to file their lawsuit in the Superior
Court of the District of Columbia.  Instead of following the Court's direction, Plaintiffs have
filed an Amended Complaint.  The Amended Complaint, however, makes the virtually same
substantive allegations with the addition of a conclusory allegation against the individual
defendants.  The Amended Complaint should therefore also be dismissed.

A memorandum of points and authorities in support and a proposed Order accompany this motion. Because this is a dispositive motion, LCvR 7.1(m) does not require prior consultation.

Dated: September 5, 2006                    Respectfully submitted,

                                           ROBERT J. SPAGNOLETTI
                                           Attorney General for the District of Columbia

                                           GEORGE  C. VALENTINE
                                           Deputy Attorney General
                                           Civil Litigation Division


                                           /s/ Kimberly Johnson
                                           KIMBERLY MATTHEWS JOHNSON
                                           Chief, General Litigation I
                                           D.C. Bar No. 435163



                                           /s/ Wendel Hall
                                           WENDEL V. HALL
                                           Assistant Attorney General
                                           D.C. Bar No. 439344
                                           Suite 6S012
                                           441 4th Street, N.W.
                                           Washington, D.C.  20001
                                           (202) 724-6608
                                           (202) 727-0431 (fax)
                                           E-mail: wendel.hall@dc.gov.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GLENN GIARDINO, <u>et al</u>., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 06-00469 (ESH) |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, <u>et al</u>., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED**

## I.    INTRODUCTION

The civil rights laws do not protect people from the ordinary tribulations of the workplace nor provide a weapon for complaining about workplace decisions with which they disagree. This lawsuit is a compilation of such day-to-day complaints about perceived petty slights arising from day-to-day workplace decisions.  Because the law does not reach such perceived petty slights, <u>Burlington Northern & Santa Fe Ry. v. White</u>, 126 S. Ct. 2405, 2415 (2006), the Plaintiffs have failed to state a claim upon which relief can be granted.

## II.    STATEMENT OF FACTS

Because this is a motion to dismiss under Fed. R. Civ. P. 12(b)(6),  the Court must take all well-pleaded facts in the Complaint as true and give Plaintiffs the benefit of all reasonable inferences from those facts.  This statement of facts assumes that the Plaintiffs' allegations are true for the purposes of this motion only.

Plaintiff Alexander Shepard alleges a series of retaliatory acts, but provides no dates so that a chronology can be articulated. He asserts that these acts were motivated by age. He makes allegations solely against Lieutenant Jeffrey Parker, Sgt. Thomas Boone, and Sgt. Mary Lanauze. He alleges that Parker incorrectly "accused" him of failing to appear before a grand jury. Complaint, ¶ 1. He next alleges that Parker changed his days off. Complaint, ¶ 1. He alleges that Parker changed a leave book affecting Shepard's vacation time, but that the situation was corrected. Complaint, ¶ 1. He alleges that Parker "subpoenaed him to Court for legal matters." Complaint, ¶ 1. He alleges that Parker and Lanauze gave him a negative performance evaluation. Complaint, ¶ 1. He alleges that an unknown person stole some of his property, but that it was returned. Complaint, ¶ 1. Shepard also alleges that he was not given instructions related to using a personnel records management system. Complaint, ¶ 1.

Plaintiff Glenn Giardino alleges that he began his "assignment to the third district detectives on June 24, 2001." Defendant Parker allegedly began his assignment as "commander (*sic*) of the third district detectives" in September 2004. Plaintiff Giardino then alleges that Parker transferred four detectives out of the third district squad before Parker was assigned to the Third District. Complaint, ¶ 2. Plaintiff Giardino next alleges that Lieutenant Parker did not take his side in a dispute with "an African-American male, Detective Epps." Complaint, ¶ 3. He also alleges that Lt. Parker verbally reprimanded him for using another detective's workstation. Complaint, ¶ 4. Giardino also claims that Lt. Parker subjected him to "verbal abuse," Complaint, ¶¶ 5, 7, and did not approve Giardino's request for leave as quickly as Giardino wanted. Complaint, ¶ 6. Giardino also alleges that his days off were changed. Complaint, ¶ 8. Giardino also complains that Sgt. Lanauze asked him "to clear up" 67 old cases in ten days, cases that Giardino apparently had not yet completed. Complaint, ¶ 10. Giardino also complains about his

performance evaluation.  Complaint, ¶ 13.  Plaintiff Giardino also asserts that Lieutenant Parker investigated whether he engaged in misconduct.  Complaint, ¶ 14.  Finally, Plaintiff Giardino was transferred to another police district.  Complaint, ¶ 15.

### III.    ARGUMENT

Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint.  Even construed in the light most favorable to them, the Amended Complaint is nothing more than a series of work-related grievances and grumblings about their supervisors.  Even though Plaintiffs were given a full and fair opportunity to amend, the Amended Complaint does not state a claim under any of the theories alleged.

A.    Standards of Review.

The standards for considering a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) are well-established.  "A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests." Runkle v. Gonzales, 391 F. Supp. 2d 210, 220 (D.D.C. 2005)(citations and internal punctuation omitted.)

At the same time, however, "a plaintiff set forth facts sufficient to allege each element of his claim," Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002), quoted in Major v. Plumbers Local Union No. 5, 370 F. Supp. 2d 118, 129 (D.D.C. 2005), and the Court may explore whether or not Plaintiff has alleged any set of facts that could ever state a violation of the law.  Runkle, 391 F. Supp. 2d at 221; see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Brooks-Miller v. England, 357 F. Supp. 2d 197, 201 (D.D.C. 2004); Rochon v. Ashcroft, 319 F. Supp. 2d 23 (D.D.C. 2004).  "[In particular, the Court may assess whether Plaintiff has

alleged sufficient facts to demonstrate that [he] has been subject to an adverse action." Runkle, 391 F. Supp. 2d at 222; Rochon, 319 F. Supp. 2d at 29.

   B.   Plaintiff Shepard's Claims Should Be Dismissed Because They Are Fatally Defective As A Matter Of Law.

Plaintiff Shepard purports to allege several non-ADEA causes of action under various civil rights law and Title VII. They all are without merit. First, Shepard cannot bring what are statutory discrimination claims through the vehicle of the 42 U.S.C. § 1983 or § 1985(3). Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366 (1979); Groce v. Powell, 2006 U.S. App. LEXIS 16204 (D.C. Cir. 2006) (unpublished order) ("Moreover, the deprivation of rights protected by Title VII cannot be used as the basis for a conspiracy claim under Section 1985(3).") Novotny is still good law having been cited by the Supreme Court itself last year, City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 120 (2005), and the D.C. Circuit in 2006 for this very proposition.

Second, alleged age discrimination does not support an equal protection cause of action under 42 U.S.C. § 1983. Such an end-run around the substantive limitations of the ADEA is impermissible and has been rejected by substantially all of the courts considering it. Middlesex Co. Sewerage Auth. v. Nat'l Sea Clammers Assn., 453 U.S. 1, 20 (1981); Great American Savings & Loan v. Novotny, 442 U.S. 366, 378 (1979); Onan v. County of Roanoke, 1995 U.S. App. Lexis 9085 (Feb. 2, 1995 4th Cir.); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 143 (2d Cir. 1993); Izquierdo Prieto v. Rosa, 894 F.2d 467, 470 (1st Cir. 1990); Polson v. Davis, 895 F.2d 705, 711 (10th Cir. 1990); Gray v. Lacke, 885 F.2d 399, 414 (7th Cir. 1989); Greenwood v. Ross, 778 F.2d 448, 455 (8th Cir. 1985); Day v. Wayne County Bd. of Auditors, 749 F.2d

1199, 1204 (6th Cir. 1984); <u>Irby v. Sullivan</u>, 737 F.2d 1418, 1428 (5th Cir. 1981); <u>Zombro v.</u>

<u>Baltimore City Police</u>, 868 F.2d 1364, 1371 (4th Cir. 1989)(ADEA).[1]

Third, Plaintiff Shepard has not alleged a basis for municipal liability under § 1983. A municipality is liable under § 1983 only when the injury arises from an official municipal policy or custom. To state a claim against a municipality, therefore, a plaintiff 'must allege not only a violation of his rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation.' <u>Hurt v. District of Columbia</u>, 2005 U.S. App. LEXIS 18600, 1-2 (D.C. Cir. 2005) (citations omitted). Plaintiff Shepard has made no allegations upon which municipal liability could be based.

Fourth, with respect to his claim under 42 U.S.C. § 1981, it fails for lack of a contract. "Any claim brought under § 1981, therefore, must initially identify an impaired contractual relationship under which the plaintiff has rights." <u>Domino's, Inc. v. McDonald</u>, 126 S. Ct. 1249-50 (2006). Because the Amended Complaint does not identify "an impaired contractual relationship," the § 1981 claim should be dismissed.

As a matter of law, public employees do not have a contractual relationship with their employer. <u>Kizas v. Webster</u>, 227 U.S. App. D.C. 327; 707 F.2d 524, 535 (D.C. Cir. 1983) ("Though a distinction between appointment and contract may sound dissonant in a regime accustomed to the principle that the employment relationship has its ultimate basis in contract, the distinction nevertheless prevails in government service.") Instead, public employees are appointed to public service and their employment relationship is governed by the applicable

---

[1] At the same time, however, Plaintiff is not precluded from bringing a § 1983 action if the rights that form the premise of the action are distinct from those protected under Title VII. <u>See, e.g.</u> <u>Izquierdo Prieto v. Rosa</u>, 894 F.2d 467, 470 (1st Cir. 1990); <u>Kellar v. Prince George's County</u>, 827 F.2d 952 (4th Cir. 1987).

statutes and regulations. Id.; see District of Columbia Comprehensive Merit Personnel Act, D.C. Official Code § 1-601.01 et seq. (comprehensive statutory basis for employment with the District of Columbia government). Shepard was appointed to his position by the Mayor of the District of Columbia. D.C. Official Code § 5-105.01 ("The Mayor of said District shall appoint to office, assign to such duty or duties as he may prescribe, and promote all officers and members of said Metropolitan Police force[.]") Because Shepard was appointed to serve as a police officer, he does not have a contractual relationship with the District of Columbia. Kizas, 707 F.2d at 535. He has therefore failed to "identify an impaired contractual relationship" under which he has rights. For this reason, Shepard's § 1981 claim may be dismissed.

Shepard also alleges a violation of 42 U.S.C. § 1985(3). In addition to being precluded under Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366 (1979); Groce v. Powell, 2006 U.S. App. LEXIS 16204 (D.C. Cir. 2006) (unpublished order) ("Moreover, the deprivation of rights protected by Title VII cannot be used as the basis for a conspiracy claim under Section 1985(3)."), Shepard cannot demonstrate the existence of a conspiracy, a required element, as a matter of law.

"With respect to plaintiffs' 42 U.S.C. § 1985(3) claim, plaintiffs must allege and prove five elements: (1) a conspiracy and (2) an act in furtherance of the conspiracy; (3) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (4) which conspiracy was motivated by some class-based, invidious, discriminatory animus; (5) whereby a person is injured or otherwise deprived of a right or privilege." Huddle v. Reagan, 1991 U.S. Dist. LEXIS 7070 (D.D.C. 1991). Shepard's claim fails as a matter of law because employees of the same employer cannot conspire with each other or their employer under what is known as the

6

"intracorporate conspiracy doctrine." As the court in <u>Williams v. Fannie Mae</u>, 2006 U.S. Dist.

LEXIS 42911 (D.D.C. 2006):

> "[U]nder the 'intracorporate conspiracy doctrine,' because a company cannot conspire with itself, the officers and directors of a corporation generally cannot be held liable under § 1985(3) for actions taken in concert with one another . . . . Instead, the relevant inquiry is whether the acts of the defendants were in fact taken on behalf of the corporation, each acting within the scope of their employment, or instead were taken solely for personal, non-business motivations."

The Court's decision in <u>Lerner v. District of Columbia</u>, 362 F. Supp. 2d 149 (D.D.C. 2005),

decision was more succinct. "[A] corporation cannot conspire with its employees, and its

employees, when acting within the scope of their employment, cannot conspire among

themselves." <u>Lerner</u>, 362 F. Supp 2d at 165, <u>quoting</u>, <u>McAndrew v. Lockheed Martin Corp.</u>, 206

F.3d 1031, 1035-36 (11th Cir. 2000). The court noted that the purpose of the doctrine is "to

shield corporations and their employees from conspiracy liability from routine, collaborative

decisions that are later alleged to be discriminatory[.]" <u>Kivanc v. Ramsey</u>, 407 F. Supp 2d 270,

275-76 (D.D.C. 2006) (Friedman, J.). Shepard's claim should be dismissed.

    With respect to Title VII, Plaintiff Shepard did not allege that he has exhausted his

administrative remedies. He filed a charge with the EEOC on November 4, 2005 alleging a

hostile work environment based on age. He did not allege that he experienced any retaliation

under Title VII nor has he alleged that he amended his charge in accordance with EEOC

regulations. The law concerning the relationship between an EEOC charge and a subsequent

Complaint was articulated by the District of Columbia Circuit in <u>Park v. Howard Univ.</u>, 71 F.3d

904 (D.C. Cir. 1995). The D.C. Circuit in <u>Park</u> reversed the district court's entry of judgment in

favor of Plaintiff because she had not exhausted her administrative remedies before the EEOC.

The plaintiff filed a Charge of Discrimination alleging that the defendant had discriminated

against her on a disparate treatment theory.  In her complaint, the plaintiff also alleged that she had experienced a hostile work environment and ultimately prevailed at trial on this new claim.

The D.C. Circuit reversed the judgment entered in the plaintiff's favor.  The Court of Appeals first noted that Title VII "requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge." Park, 71 F.3d at 907.  This requirement, in turn, leads to the rule that:

> A Title VII lawsuit following the EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." At a minimum, the Title VII claims must arise from "the administrative investigation that can reasonably be expected to follow the charge of discrimination." The administrative charge requirement serves the important purposes (*sic*) of giving the charged party notice of the claim and "narrowing the issues for prompt adjudication and decision."

Park, 71 F.3d at 907 (internal citations omitted).

This case presents the mirror image of Park: here, Plaintiff alleges disparate treatment but charged hostile work environment.  He therefore did not exhaust his administrative remedies as to the claims of disparate treatment. Moreover, Plaintiff Shepard has never exhausted his administrative remedies with respect to the alleged acts of retaliation listed in the Complaint, having never filed a charge with respect to them.  Black v. Tomlinson, 2006 U.S. Dist. LEXIS 14898 (D.D.C. 2006), citing AMTRAK v. Morgan, 536 U.S. 101, 105 (2002).  After the Supreme Court's decision in Morgan, courts have required a potential plaintiff to separately charge and exhaust his or her administrative remedies as to allegations of post-charge retaliation. Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 149 (D.D.C. 2005).  Because Plaintiff alleges distinct acts of purported retaliation, he was required to file a charge as to each within the time period required by the ADEA.  Since he has not alleged that he did filed a new charge, Plaintiff's retaliation claims should be dismissed.

Finally, Plaintiff has not alleged an adverse action under the ADEA. Nothing the Plaintiff alleges, even accepted as true and construed most favorably to him, amounts to an adverse action. "A reprimand that amounts to a mere scolding, without any disciplinary action which follows, does not rise to the level of adverse action." Childers v. Slater, 44 F. Supp. 2d 8, 20 (D.D.C. 1999), vacated in part on other grnds., 197 F.R.D. 185, 191 (D.D.C. 2000). Thus, Shepard's allegations relating to the failure to make court appearances do not constitute adverse actions.

Plaintiff also alleges that he received a negative performance evaluation. This is not an adverse action either. "Formal criticism and poor performance evaluations do not ordinarily constitute 'adverse actions.'" Weigert v. Georgetown Univ., 120 F. Supp. 2d 1, 17 (D.D.C. 2000). Because Plaintiff Shepard does not allege any repercussions except for his subjective dissatisfaction with the evaluation, the referenced performance evaluation does not amount to an adverse action. Lastly, the allegation that Shepard did not receive certain instructions when he wished is not an adverse action since it was not materially adverse. "Mere idiosyncracies of personal preference are not sufficient to state an injury." Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999).

The Supreme Court's decision in Burlington Northern & Santa Fe Ry. v. White, 126 S. Ct. 2405 (2006), does not change this result. In White, the Supreme Court considered two questions. The first was whether purported retaliatory action had to have some connection to the "terms and conditions of employment" and, if so, what kind of connection. The second was how harmful the action taken against the employee had to be before it was actionable. White, 126 S. Ct. at 2411. The Court answered the first question "no." Significantly, it noted that the anti-retaliation provisions of Title VII were broader than its anti-discrimination provisions and that a

9

plaintiff alleging a substantive violation of the anti-discrimination provisions would have to demonstrate a discriminatory change in the terms and conditions of employment.

The Supreme Court also held that Title VII required a plaintiff show that the challenged action is materially adverse. <u>White</u>, 126 S. Ct. at 2414-15. It noted: "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." <u>White</u>, 126 S. Ct. at 2415. This is true because "[n]ormally petty slights, minor annoyances, and simple lack of good manners will not" deter employees from filing EEO complaints. <u>Id.</u>

These principles require dismissal of Shepard's Amended Complaint. He alleges nothing more than the ordinary tribulations of his workplace. Instead, he offers a litany of events that he perceives as "petty slights" and asserts that they are adverse. Shepard does not, however, identify any objective harm to him or any reason to believe that such petty slights would dissuade a reasonable person from reporting discrimination. Thus, even if the Court does conclude that <u>White</u> changed the law in the District of Columbia Circuit, its test leads to the same result – dismissal for lack of an adverse action.

Shepard has failed to state a claim upon which relief can be granted. He cannot avoid the strictures of a Title VII claim merely by asserting a deprivation of rights under various civil rights statutes. Even considered individually, all of Shepard's specific claims fail as a matter of law. The Amended Complaint as to Shepard should be dismissed for failure to state a claim upon which relief can be granted.

C.     Plaintiff Giardino's Claims Should Be Dismissed Because They Are Fatally Defective As A Matter Of Law.

Many of the same reasons that require the dismissal of Plaintiff Shepard's claim also lead to the dismissal of Plaintiff Giardino's claim.  First, Plaintiff Giardino has failed to exhaust his administrative remedies under Title VII because his EEOC charge alleges only "harassment" and makes no allegations of disparate treatment.    Park v. Howard Univ., 71 F.3d 904 (D.C. Cir. 1995), again controls. Title VII "requires that a person complaining of a violation file an administrative charge with the EEOC and allow the agency time to act on the charge." Park, 71 F.3d at 907.  This requirement, in turn, leads to the rule that:

> A Title VII lawsuit following the EEOC charge is limited in scope to claims that are "like or reasonably related to the allegations of the charge and growing out of such allegations." At a minimum, the Title VII claims must arise from "the administrative investigation that can reasonably be expected to follow the charge of discrimination." The administrative charge requirement serves the important purposes (*sic*) of giving the charged party notice of the claim and "narrowing the issues for prompt adjudication and decision."

Park, 71 F.3d at 907 (internal citations omitted).  Except for a claim that he was subjected to a verbal reprimand, Complaint, ¶ 7, none of the alleged acts of disparate treatment were mentioned anywhere in his charge of discrimination.  In fact, according to the Complaint, most of the alleged incidents occurred after the filing of his charge with the EEOC on April 1, 2005.  See Complaint, ¶¶ 10, 11, 13, 14, 15.  They were not made a part of the charge as required, Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 149 (D.D.C. 2005), and Plaintiff Giardino therefore may not use them to support his Title VII claim.

Of the remaining alleged incidents, three of them relate to informal criticism from Lieutenant Parker.  Complaint, ¶¶ 4, 5, 7.  These do not amount to adverse actions. "A reprimand that amounts to a mere scolding, without any disciplinary action which follows, does not rise to the level of adverse action." Childers v. Slater, 44 F. Supp. 2d 8, 20 (D.D.C. 1999), vacated in

11

part on other grnds., 197 F.R.D. 185, 191 (D.D.C. 2000).[2]  Thus, Giardino's allegations relating to being scolded do not constitute adverse actions upon which he can base a discrimination claim.

The two remaining allegations are that Lieutenant Parker did not investigate an incident to which he allegedly was an "ear witness" and that Lieutenant Parker did not approve a request for committed leave as soon as Plaintiff Giardino wanted.  Neither of these actions are the kind of material employment action that qualifies as an adverse action.  Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006) ("Indeed, we have already held that materiality is implicit in the term 'discriminate' as it is used in Title VII."); Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999) ("an actionable injury" requires "some other materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm.").  Even construed most favorably to Plaintiff Giardino, neither of these incidents, either singly or jointly, is actionable.

With respect to Plaintiff Giardino's other causes of action under 42 U.S.C. §§ 1981, 1983 & 1985(3), he fails to state a claim for the same reasons that Plaintiff Shepard did.  He has not alleged a basis for municipal liability nor can he avoid the bar of the intracorporate conspiracy doctrine or the Supreme Court's decision in Novotny. Plaintiff Giardino therefore also fails to state a claim upon which relief can be granted.

---

[2]    As noted above, Defendants believe that Childers is still good law after Burlington Northern & Santa Fe Ry. v. White, 126 S. Ct. 2405 (2006).

D.    <u>Plaintiffs' Claims Against The Individual Defendants Should Be Dismissed</u>.

The Court should dismiss Defendants Charles Ramsey and Michael Fitzgerald as the Complaint makes no allegations against them.  As this Court explained:

> Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A complaint must give the court and the defendant fair notice of the claim being asserted and the grounds upon which it rests, sufficient to identify the legal issues presented and prepare an adequate defense.

<u>Sebastian v. Wenzel</u>, 2004 U.S. Dist. LEXIS 6257 (D.D.C. 2004).  Even with the addition of general 'deliberate indifference' claims in Count 2, ¶ 3 (p. 9), the Amended Complaint still fails to provide the factual grounds upon which the claim rests so that any individual Defendant can prepare an adequate defense.

The Amended Complaint's sole allegation involving Captain Patrizio is that he told "a representative of the plaintiff" that Assistant Chief Winston Robinson decided to transfer Plaintiff Giardino. Complaint, ¶ 15. Commander Anzallo, a subordinate of Assistant Chief Robinson, supposedly "concurred" with his decision.  It is clear that providing information to "a representative of the plaintiff" is not unlawful.  Defendants Patrizio, Robinson, and Anzallo should be dismissed.

To the extent that a claim can be inferred against the individual defendants, it is without merit as a matter of law.  There is no individual liability for supervisors under either Title VII or the ADEA. <u>Gary v. Long</u>, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (Title VII); <u>Medina v. Ramsey Steel Co.</u>, 238 F.3d 674, 686 (5th Cir. 2001) (ADEA).   As noted above, alleged age discrimination does not support a cause of action under § 1983 nor may § 1983 or § 1985(3) be the vehicle for asserting Title VII claims.  <u>Great Am. Fed. Sav. & Loan Ass'n v. Novotny</u>, 442

U.S. 366 (1979). In short, the claims against the individual defendants (whatever their precise nature is) should be dismissed as a matter of law.[3]

## IV.    CONCLUSION

The civil rights laws do not protect people from the ordinary tribulations of the workplace nor provide a weapon for complaining about workplace decisions with which they disagree. They protect people from actions that are materially adverse if those actions were based on an unlawful motive. Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999). The plaintiffs in this case approach the Court with a litany of complaints about minor grievances, perceived petty slights, and disagreements with their supervisors. None involve material harm and none are the kind of action that supports a federal civil rights complaint. Plaintiffs' complaint should be dismissed.

Dated: September 5, 2006                     Respectfully submitted,

                                            ROBERT J. SPAGNOLETTI
                                            Attorney General for the District of Columbia

                                            GEORGE  C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division


                                            /s/ Kimberly Johnson
                                            KIMBERLY MATTHEWS JOHNSON
                                            Chief, General Litigation I
                                            D.C. Bar No. 435163

---

[3]    If the Court does not dismiss these claims, the individual defendants move for a more definite statement so that they may assert the defense of qualified immunity, if appropriate.

/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C.  20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN GIARDINO, <u>et al</u>., | ) |
| | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 06-00469 (ESH) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| DISTRICT OF COLUMBIA, <u>et al</u>., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Having considered Defendants' Motion To Dismiss For Failure To State A Claim Upon

Which Relief Can Be Granted, the memorandum of points and authorities in support, Plaintiff's

Opposition, Defendant's Reply, if any, and the entire record herein, it is, this _____ day of _____,

2006:

ORDERED:   that Defendants' Motion To Dismiss For Failure To State A Claim Upon

Which Relief Can Be Granted shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED:      that Plaintiff's Amended Complaint shall be, and hereby is,

DISMISSED with prejudice.

_____
Ellen S. Huvelle
United States District Judge

cc:

Wendel V. Hall, Esq.
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.   20001


Sol Rozen, Esq.
2501 Calvert Street, N.W.
No. 212
Washington, D.C.  20008