United States District Court
For the District of Columbia

Glenn Giardino et.al

    V.                                    Civil Action NO. 06-00469(ESH)

The District of Columbia et.al

<u>Opposition to the Motion to Dismiss the Amended Complaint</u>

    The plaintiff opposes the motion to dismiss the amended complaint and in support of the same ,relies upon the memorandum of law that the plaintiffs submitted in conjunction with the amended complaint and the arguments raised in these pleadings to respond to the allegations of the defendants.

    1) The Court dismissed the original complaint and allowed the plaintiffs to file an amended complaint. The plaintiffs do not wish at this time to litigate the issue in the Superior Court for the District of Columbia and it is their belief and that of counsel that there is ample jurisdiction in this Court..

    2) The initial arguments of the defendants are without merit. The case of <u>Burlington Northern and Sante Fe Ry v. White,</u> 126 S. Ct 2405(2006).recently changed the law as it established new guidelines as to the scope of liability for an employer .The Court's decision in <u>White</u>, supra, overruled many cases from the several United States Circuit Courts of Appeals that established the criteria and standards for adverse employment action. The new test enables the plaintiffs to proceed to trial on their allegations under Title VII of the Civil Rights Act of 1964 and the Human Rights Act of the District of Columbia(DCHRA)..An ordinary person would not tolerate the treatment by the defendants so that  jury issue are present to send the case through

discovery and trial.

    3) The defendants allege that the individual defendants are not liable because. of the alleged trivial nature of the charges leveled. The defendants fail to realize and appreciate that all of the individual defendants, including Chief Ramsey, are in the chain of command and are jointly and severally liable to the plaintiffs for their denial of employment rights which are guaranteed by the several civil rights statutes that they are relying upon.This includes the Human Rights Law of the District of Columbia which provides for individual liability and was relied upon in the initial pleadings but was not seen by the Court in its review of the initial complaint.

    4) There is ample case law, which has been cited ,that there is liability in accordance with section 1983 of title 42 of the United States Code by those who act under the color of law to deprive anyone of their constitutionally protected rights. This arises when those entrusted with authority in a governmental setting abuse their power to deprive one of their federally protected rights, such as to equal protection of the law and due process of law.It has been held in <u>Maine v. Thiboutot</u>,448 US 1,4 (1980) that section 1983 authorizes suits to enforce individual rights under federal statutes as well as the Constitution.In the case of <u>Rancho Palos Verdes v. Abrams,</u> 544 US113(2005), the Supreme Court noted that section 1983 permits the enforcement of rights,not the broader or vaguer "benefits or "interests",<u>Gonzaga University v, Doe,</u> 536,US 273,283 (2002). .In order to sustain a section 1983 action the plaintiff must demonstrate that the federal statute creates an individually enforceable right in the class of beneficiaries to which he belong(at 285)..The Court further noted that even after this showing "there is only a rebuttable presumption that the right is enforceable under section 1983 <u>Blessing v. Firestone</u>  520 US 329,341(1997).The defendant may defeat this presumption by demonstrating that Congress did

not intend that remedy for newly created rights. The Court added in Abrams, supra the crucial issue is what Congress intended. The defendants do not cite any case law which indicates that section 1983 is not compatible with Title VII as creating a distinct and unique right to enforce constitutional claims. The cases are legion that section 1981 and 1983 are used in the employment situations, in conjunction with Title VII to enforce constitutional deprivations of rights. In reference to 42 U.S.C. 1985(3),the plaintiffs allege that t based upon the position of five justices of the Supreme Court of the United States, ample authority exists to allow the case to proceed on that theory. The Government relies upon a footnote in the case of City of Rancho Palos Verdes v. Abrams, 544 U.S. 113,120(2005),supra, wherein it is stated that the canon against implied repeal still applies. The Supreme Court held in Novotny, supra. that the canon is inapplicable to a statute that creates no rights but merely provides a civil cause of action to remedy "some"otherwise defined federal right In Novotny ,supra. the court was concerned with whether the rights created by a later statute"may be asserted within a remedial framework of an earlier one. .Moreover ,the Novotny, decision, supra indicates that section 1985(3) provides no right in itself; it merely provides a remedy for violations of the rights it designates(at page 372). The Courts have held that section 1983(5) provides a right of action where a conspiracy exists to interfere with a constitutionally or federally protected right that is motivated by racial or otherwise class- based invidiously discriminatory animus. Griffen v. Breckenridge, ,403 U.S. 88, 102.-03(1971). Cf. Barbour v. Merrill, 48 F3rd,1270,1280(D.C. Circ. 1995), *Cert dismissed,* 516 U.S. 1155(1996),.The evidence adduced will indicate that the individual defendants, in the chain of command conspired to violate the rights of the plaintiffs in the manner outlined in the pleadings and the complaint filed with this court. See also Mazioum v. District of Columbia

et.al, 2006 U.S. Dist. LEXIS 43427(D. D.C. 2006). Thus.for the reasons stated the allegations of violations of the several civil rights laws should stand.

     5) The defendants argue that 1981 of Title 42 does not apply because the plaintiffs are appointed to their positions. The defendants fail to realize that they are the beneficiaries of a collective bargaining agreement between the District of Columbia and the Union that represents their interests in the area of labor relations. They have alleged a damage to their contractual rights
which creates a cause of action under section 1981 of Title 42 of the United States Code .Ensko v. Howard County Maryland et.al,423 FS2nd 502(2006) and authorities cited therein ,wherein several police officials were sued in their individual capacity for the denial of legal rights to the plaintiff and would also negate the arguments of the defendants that because all of the police officers are employed by the District of Columbia, there cannot be a conspiracy or a violation of legal rights by several officers. While the language of the Ensko,supra, case alludes to section 1983,the same rationale applies to section 1981 as the court in Ensko, supra, allowed the case to proceed against several officers for the deprivation of legal rights. The argument that individuals of the same agency cannot conspire with each other is disingenuous and should not be allowed by the Court.Thus the claim of the defendants that the lawsuit in accordance with the provisions of section 1981 of Title 42 of the United States Code should be denied by the Court,.The office of the Attorney General for the District of Columbia is well aware of the contract that exists between the Government and the police union(CBA) which creates contractual rights and remedied for the individual officers..

     6)The arguments of the defendant that the plaintiffs failed to exhaust administrative

remedies are likewise without merit. The plaintiffs drafted their own administrative complaints with the EEOC and used laymen language to state their grievances against the several defendants. While they may not have used the language of the legal community to state a hostile work environment and disparate treatment at the hands of the several defendants, the semantic differences are trivial and should not be considered by the Court. The crux of their complaints against the defendants are stated in their complaint and they should be recognized by the Court without being penalized for acting *pro se* and failing to exhibit their skills with hyper technical pleadings. Thus ,that argument should be disregarded by the Court.

      7) It has been held that a motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u> 355 US 41(1957).All the Federal rules of Civil Procedure require, rule 8(a), is that it contain a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and grounds upon which it reats.It has been held that given the Federal Rules' simplified standard for pleadings,a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations <u>Swierkiewicz v. Sorema N,A.</u> 534 US 506,514(2002);<u>Hison v. King and Spalding,</u> 467 U.S. 69(73(1984).In accordance with rule 12(b)(6) the plaintiff's factual allegations must be presumed true and should be liberally construed in the plaintiff's favor.<u>Leatherman v. Tarrant City Narcotics and Coordination Unit</u> 507 U.S. 163,164.The plaintiff must be given every favorable inference that may be drawn from the allegations of fact.<u>Scheuer v. Rhodes,</u> 416 US 232,236(1974).Thus a careful reading of the amended complaint and the authorities cited by the plaintiffs inthe totality

of their pleadings in this case, justify a denial of the motion to dismiss filed by the defendants.

_____
Sol Z. Rosen Esq #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 296-9375

The Certificate of Service

I certify that a copy of the above has been served on the office of the attorney general for the District of Columbia on September 21    2006.

_____
Sol Z. Rosen Esq..