UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GLENN GIARDINO, et al., | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) Civil Action No. 06-00469 (ESH) |
| v. | ) |
|  | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
|  | ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants respectfully submit this Reply in Support of their Motion to Dismiss. Plaintiffs' Amended Complaint is substantially the same as their original complaint and should be dismissed for the same reasons.

Defendants first argued that Plaintiffs could not, as a matter of law, assert statutory discrimination claims under 42 U.S.C. § 1983. Plaintiffs respond by citing the Supreme Court's decision in Maine v. Thiboutot, 448 U.S. 1 (1980), and arguing that Congress intended that plaintiffs be allowed to enforce rights granted under federal statutes through § 1983. Plaintiffs' argument has been rejected by the Supreme Court and numerous lower courts.

The Supreme Court has held that when Congress has provided a specific remedy for the violation of a federal statute, that remedy is exclusive and displaces § 1983 as a potential source for another remedy. Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1 (1981). As a result, courts have ruled that a party may not enforce rights arising from Title VII or 42 U.S.C. § 1985(3). Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366 (1979);

Groce v. Powell, 2006 U.S. App. LEXIS 16204 (D.C. Cir. 2006) (unpublished order) ("Moreover, the deprivation of rights protected by Title VII cannot be used as the basis for a conspiracy claim under Section 1985(3)."); Onan v. County of Roanoke, 1995 U.S. App. Lexis 9085 (Feb. 2, 1995 4th Cir.); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 143 (2d Cir. 1993); Izquierdo Prieto v. Rosa, 894 F.2d 467, 470 (1st Cir. 1990); Polson v. Davis, 895 F.2d 705, 711 (10th Cir. 1990); Gray v. Lacke, 885 F.2d 399, 414 (7th Cir. 1989); Greenwood v. Ross, 778 F.2d 448, 455 (8th Cir. 1985); Day v. Wayne County Bd. of Auditors, 749 F.2d 1199, 1204 (6th Cir. 1984); Irby v. Sullivan, 737 F.2d 1418, 1428 (5th Cir. 1981); Zombro v. Baltimore City Police, 868 F.2d 1364, 1371 (4th Cir. 1989).  Plaintiffs have offered no argument that this law is inapplicable.  The Court should dismiss Plaintiff's § 1983 and 1985(3) claims against the District and the individual defendants.

Plaintiffs' claim under 42 U.S.C. § 1981 should also be dismissed.  Plaintiffs' defend the adequacy of their claim by asserting that a collective bargaining agreement is in place and that this supplies the necessary contractual basis for their action.  The Court should reject this analysis for several reasons.  42 U.S.C. § 1981 permits people to make or enforce contracts without racial discrimination.  Domino's Pizza, Inc. v. McDonald, 126 S. Ct. 1246, 1249 (2006). This statute applies only to contracts under which a particular plaintiff has rights.  Id. ("An individual seeking to make *or* enforce a contract under which he has rights will have a claim under 42 U.S.C. § 1981, while one seeking to make *or* enforce a contract under which someone else has rights will not.")  The question is whether they made a contract or have the right to enforce the contract judicially.  The answer is no.

Plaintiff officers point to the collective bargaining agreement between their union and the District of Columbia.  The officers, of course, did not make the contract and there is not even any

2

evidence that these officers are members of the bargaining unit. Nor do the officers have the right to enforce the contract. A collective bargaining agreement does not create an individual employment contract. J. I. Case Co. v. NLRB, 321 U.S. 332, 335 (1944) ("The negotiations between union and management result in what often has been called a trade agreement, rather than in a contract of employment."); Lewittes & Sons v. United Furniture Workers, 95 F. Supp. 851, 855 (S.D.N.Y. 1951) ("The agreement in question is a collective labor agreement, and, as such, is not a 'contract of employment.'") At least one district court has decided that a § 1981 claims failed as a matter of law when the alleged impaired contractual relationship was a collective bargaining agreement. Holt v. State of Ohio, 2006 U.S. Dist. LEXIS 69960 (S.D. Ohio Sept. 27, 2006). Plaintiffs' § 1981 claim should be dismissed as a matter of law.

Plaintiffs' Title VII and ADEA claims should also be dismissed for lack of adverse action. Plaintiffs do not dispute that, unless the law changed in some material way, they have not stated an adverse action. They therefore argue that Burlington Northern & Santa Fe Ry. v. White, 126 S. Ct. 2405 (2006), changed the definition of adverse action for substantive claims of discrimination.

Plaintiffs err in this respect. In White, the Supreme Court considered two questions. The first was whether purported retaliatory action had to have some connection to the "terms and conditions of employment" and, if so, what kind of connection. The second was how harmful the action taken against the employee had to be before it was actionable. White, 126 S. Ct. at 2411. The Court answered the first question "no." Significantly, it noted that the anti-retaliation provisions of Title VII were broader than its anti-discrimination provisions and that a plaintiff alleging a substantive violation of the anti-discrimination provisions would have to demonstrate a discriminatory change in the terms and conditions of employment.

3

The Supreme Court also held that Title VII required a plaintiff to show that the challenged action is materially adverse. White, 126 S. Ct. at 2414-15. It noted: "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." White, 126 S. Ct. at 2415. This is true because "[n]ormally petty slights, minor annoyances, and simple lack of good manners will not" deter employees from filing EEO complaints. Id.

Nor did Plaintiffs exhaust their administrative remedies under the ADEA or Title VII. They assert that because they are not lawyers their charge need not be as specific as required by Park v. Howard Univ., 71 F.3d 904 (D.C. Cir. 1995). This argument should be rejected because nothing in Park exempts Plaintiffs from this requirement simply because they drafted the charge. This is especially so since their counsel could easily have sought to amend the charge once he was retained. He has not done so. Similarly, the absence of a charge relating to certain instances of purported retaliation prevents Plaintiff Shepard from asserting them in this matter. Black v. Tomlinson, 2006 U.S. Dist. LEXIS 14898 (D.D.C. 2006), citing AMTRAK v. Morgan, 536 U.S. 101, 105 (2002); Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 149 (D.D.C. 2005).

Finally, the individual defendants should be dismissed. Plaintiff has not opposed the arguments asserted on their behalf and the individual defendants' arguments should be treated as conceded. Buggs v. Powell, 293 F. Supp. 2d 135, 141 (D.D.C. 2003).

Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint and decline to exercise supplemental jurisdiction over any local law claims under 28 U.S.C. § 1367.

Dated: October 2, 2006    Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Kimberly Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163



/s/ Wendel Hall
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov