UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GLENN GIARDINO, et al., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0469 (ESH) |
| DISTRICT OF COLUMBIA, et al., | ) |
| Defendants. | ) |

**ANSWER**

Defendants District of Columbia and individual defendants Winston Robinson, Michael Anzallo, Thomas Boone, Mary Lanuaze, and Jeffrey Parker, answer Plaintiffs' Amended Complaint as follows:

**FIRST DEFENSE**

Defendants object to Plaintiffs' Amended Complaint because it does not comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that each averment of a claim or defense be separately stated in a numbered paragraph. The Court should not consider allegations that violate this rule since it is inordinately difficult for Defendants to identify each allegation of fact.

**SECOND DEFENSE**

As to the allegations of Plaintiffs' Amended Complaint, Defendants answer as follows:

Count One (unnumbered paragraphs)

Defendants admit that Plaintiffs were appointed members of the Metropolitan Police Department and lacked a contractual relationship with the District of Columbia government.

Defendants admit that the District of Columbia is a body corporate for municipal purposes. Defendants neither admit nor deny the third through seventh sentences of the first unnumbered paragraph as these are legal conclusions and not short and plain statements of fact are therefore in violation of Fed. R. Civ. P. 8(a). Defendants deny the last sentence of the first unnumbered paragraph.

## "Part I"

Defendants object to Part I of Plaintiffs' Amended Complaint because it does not comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that each averment of a claim or defense be separately stated in a numbered paragraph. The Court should not consider allegations that violate this rule since it is inordinately difficult for Defendants to identify each allegation of fact to which a response is necessary.

(1)    Defendants deny that Lieutenant Parker engaged in any unlawful act. Defendants neither admit nor deny the first, third, fourth, fourteenth, twenty-second, twenty-third, twenty-seventh, sentences of Part I of Plaintiffs' Amended Complaint as it does not possess sufficient facts to form an opinion as to the truth of the matter alleged and demands strict proof thereof from Plaintiffs. Defendants deny the second, fifth through thirteenth, fifteenth through twentieth, twenty-fourth, twenty-fifth, twenty-sixth, twenty-eighth, twenty-ninth, and thirtieth sentences of Part I of the Amended Complaint. Defendants admit the allegation in the twenty-first sentence of Part I of the Amended Complaint.

## "Part II"

Defendants object to Part II of Plaintiffs' Amended Complaint because it does not comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that each averment of a claim or defense be separately stated in a numbered paragraph. The Court should not consider allegations that

violate this rule since it is inordinately difficult for Defendants to identify each allegation of fact to which a response is necessary.

(1)     Defendants admit that Plaintiff Giardino was assigned to the third district detectives.  Defendants deny that he received "excellent" reviews from his supervisors. Defendant deny the last two sentences of Paragraph 1.

(2)     Defendants deny the allegations contained in Paragraph 2.

(3)     Defendants deny the allegation of Paragraph 3.

(4)     Defendants deny the allegation of Paragraph 4.

(5)     Defendants deny the allegation of Paragraph 5.

(6)     Defendants admit that Plaintiff Giardino requested leave and that the leave was approved as requested.

(7)     Defendants deny the allegation of Paragraph 7.

(8)     Defendants deny the allegation of Paragraph 8.

(9)     Defendants admit that schedules for all detectives were changed for legitimate business reasons and deny the allegation that the change in shift was unlawful.

(10)    Defendants deny the allegation contained in the first and second sentences of Paragraph 10 of Part II of the Amended Complaint.  Defendants admit that Plaintiff was notified of his below-average performance.  Defendants neither admit nor deny the remaining allegations because they are too vague to admit of an answer.

(11)    Defendants neither admit nor deny the allegations contained in Paragraph 11 of Part II of the Amended Complaint.

(12)    [No Paragraph 12]

(13)    Defendants admit that Plaintiff Giardino received a performance evaluation that accurately reflected his performance. Defendants neither admit nor deny the allegation contained in Paragraph 13 of Part II of the Amended Complaint as it is argument rather than a statement of fact. Defendants deny the last sentence of Paragraph 13.

(14)    Defendants deny the allegation of Paragraph 14 of Part II of the Amended Complaint.

(15)    Defendants admit that Plaintiff Giardino was transferred. Defendants neither admit nor deny the allegation contained in Paragraph 15 of Part II of the Amended Complaint as it is too vague to admit or deny.

## Count II

(1)    Defendants deny the allegation of Paragraph 1 of Count II of the Amended Complaint.

(2)    Defendants deny the allegation of Paragraph 2 of Count II of the Amended Complaint.

(3)    Defendants deny the allegation of Paragraph 3 of Count II of the Amended Complaint.

## Relief Requested

Defendants deny that Plaintiffs are entitled to any relief.

## THIRD DEFENSE

Defendants deny any allegation of fact that was not specifically admitted.

## FOURTH DEFENSE

Plaintiffs may not recover damages for any avoidable consequences of the alleged wrongful acts.

**FIFTH DEFENSE**

Plaintiffs failed to mitigate their damages.

**SIXTH DEFENSE**

Plaintiffs failed to exhaust their administrative remedies.

**SEVENTH DEFENSE**

The District exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior, and Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the District or to avoid harm otherwise.  See Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

**EIGHTH DEFENSE**

Plaintiff's claims may be barred by the doctrines of issue preclusion and/or claim preclusion.

**NINTH DEFENSE**

Plaintiff's age, race, and allegedly protected activity were not motivating factors in connection with any employment decision concerning Plaintiff.

**TENTH DEFENSE**

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

**ELEVENTH DEFENSE**

Defendants reserve the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

**TWELFTH DEFENSE**

Plaintiff's claims may be barred in whole or in part by laches, lack of standing under Article III of the Constitution, and other recognized defenses to the issuance of equitable or declaratory relief.

**THIRTEENTH DEFENSE**

If it is determined that an agent or employee of the Defendant did a wrongful act, said act was not within the scope of employment of said agent or employee.

# JURY DEMAND

Defendant demands a trial by jury with the maximum numbers permitted by law.

Dated: November 2, 2006                    Respectfully submitted,

                                           ROBERT J. SPAGNOLETTI
                                           Attorney General for the District of Columbia

                                           GEORGE C. VALENTINE
                                           Deputy Attorney General
                                           Civil Litigation Division


                                           /s/ Kimberly Johnson
                                           KIMBERLY MATTHEWS JOHNSON
                                           Chief, General Litigation I
                                           D.C. Bar No. 435163



                                           /s/ Wendel Hall
                                           WENDEL V. HALL
                                           Assistant Attorney General
                                           D.C. Bar No. 439344
                                           Suite 6S012
                                           441 4th Street, N.W.
                                           Washington, D.C. 20001
                                           (202) 724-6608
                                           (202) 727-0431 (fax)

E-mail: wendel.hall@dc.gov