## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN GIARDINO, *et. al.,* ) | |
| ) | C.A. No.: 06-0469 (JMF) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants District of Columbia, Winston Robinson, Michael Anzallo, Jeffrey Parker, Mary Lanauze, and Thomas Boone (hereinafter "defendants"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(c) and 56(b), respectfully move this Honorable Court to dismiss plaintiffs' Complaint or in the alternative grant summary judgment in their favor.[1] As grounds therefore, the Defendants state that: 1) Plaintiffs have not received a right to sue letter and therefore cannot maintain this case against these defendants at this time; 2) Plaintiffs failed to state a claim under Title VII, 42 U.S.C. § 1981, or the D.C. Human Rights Act against these defendants; and 3) Plaintiffs' claims under the D.C. Human Rights Act must fail because plaintiffs failed to comply with the mandatory notice requirements of D.C. Official Code

---

[1]Upon information and belief, by Order, dated October 3, 2006, this Court dismissed this action against defendants Charles Ramsey, Michael Fitzgerald, Mario Patrizio, Leon Epps, and William Manning. To the extent any claims remain against any of these named defendants, they join in this motion for relief.

§ 12-309 (2001 ed.).  A Memorandum of Points and Authorities in support of this Motion is

attached hereto.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


___\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


____\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GLENN GIARDINO, *et. al.,* | ) | |
| | ) | CA No.: 06-469 (JMF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE,**
**MOTION FOR SUMMARY JUDGMENT**

In support of their dispositive motion, these defendants herein submit their memorandum of points and authorities.

**I.    STATEMENT OF FACTS**

On March 14, 2006, plaintiffs Giardino and Shepard filed their complaint. *See* Docket Entry #1. On August 11, 2006, plaintiffs filed their first amended complaint. *See* Docket Entry #12. Plaintiffs allege violations of Title VII, the District of Columbia Human Rights Act (DCHRA), and 42 U.S.C. § 1981. *See* Court Docket.

On June 14, 2006, in an affidavit submitted with his opposition to a motion to dismiss, plaintiff Giardino swore under oath that he did not receive a notice of right to sue letter from the EEOC as of February 6, 2006. See Docket Entry # 6. There is no evidence in this record that plaintiffs received a notice of right to sue letter from the Equal Employment Opportunity Commission (EEOC) prior to the filing of this Court action. Furthermore, plaintiffs did not include any information in the Amended Complaint about their race or age. See Amended

Complaint, generally. And finally, plaintiffs did not send a notice letter to the Mayor of their intent to sue the District within six months of the date of their injuries. *See* Exhibit #3, Affidavit.

## II.    STANDARDS OF REVIEW

### A.    Judgment on the Pleadings Standard

Under Fed. R. Civ. P. 12 (c), after the pleadings are closed, any party may move for judgment on the pleadings. Should the arguments and evidence relied on be limited to the allegations and responses in the pleadings, then Court must apply the same standard as applied for a motion to dismiss. *Nixon v. Sampson,* 580 F.2d 514 (D.C. Cir. 1978); *Dale v. Executive Office of the President,* 164 F. Supp.2d 22 (D.D.C. 2001). Should the court be presented with and accepts any matters beyond, or "outside the pleadings", then the court shall treat the motion as if filed under Fed. R. Civ. P. 56. *Dale,* 164 F. Supp.2d 22. The court, however, may consider or take judicial notice of matters in the general public record, including records and reports of administrative bodies and records of prior litigation. *Haynesworth v. Miller,* 820 F.2d 1245 (D.C. Cir. 1987); *Jane Does I v. District of Columbia and MRDDA,* 2002 U.S. Dist. LEXIS 24171 (D.D.C. 2002), *citing Cinel v. Connick,* 15 F.3d 1338 (5th Cir. 1994).

The Complaint must be liberally construed in favor of the plaintiff, and the plaintiff should receive the benefit of all reasonable inferences that can be drawn from thee facts. *E.E.O.C. v. St. Francis Xavier Parochial School,* 117 F.3d 621 (D.C. Cir. 1997).

### B.    Summary Judgment Standard.

Summary judgment is proper " if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after

adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which the

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The mere existence of a factual dispute will not preclude summary judgment. Only factual

disputes that may determine the outcome of a suit may effectively preclude the entry of summary

judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).  To be a genuine fact, the

assertion must be supported by sufficiently admissible evidence and cannot be based on

conclusory allegations, denials or opinions. *Crenshaw v. Georgetown University,* 23 F.Supp. 2d.

11 (D.D.C. 1998).

## III.    PLAINTIFFS MAY NOT MAINTAIN THIS LAWSUIT BECAUSE THEY DID NOT RECEIVE A RIGHT TO SUE LETTER PRIOR TO FILING SUIT.

There are two prerequisites to filing a case under Title VII:  1) the timely filing of a

charge with the EEOC or a state agency, and 2) receipt of a notice of right to sue from the EEOC

and acting upon it in a timely manner.  *See* 42 U.S.C. § 2000e; *Alexander v. Gardner-Denver*

*Co.,* 415 U.S. 36, 47 (1974); *Kennedy v. Whitehurst,* 690 F.2d 951, 961 (D.C. Cir. 1982); *Jones*

*v. District of Columbia,* 273 F. Supp.2d 61, 64 (D.D.C. 2003).

Plaintiffs filed this lawsuit on March 14, 2006.  See Docket Entry #1.  However, neither

plaintiff indicates in the complaint that they had received a notice of right to sue letter from the

EEOC.  *See* amended complaint, generally.  In fact, on June 14, 2006, plaintiff Giardino swore in

an affidavit that he had not received a right to sue letter from the EEOC.  *See* Exhibit 2, at

Docket Entry #6.[2]  Because receipt of a notice of right to sue is a prerequisite to filing suit,

---

[2] For the Court's convenience, the Affidavit has been attached to this motion as Exhibit #2.

plaintiffs cannot maintain this lawsuit since it was filed prior to their receipt of the required

notice.  Accordingly, plaintiffs' claims under Title VII must be dismissed.[3]

## IV.    PLAINTIFFS FAILED TO STATE A CLAIM UNDER TITLE VII, 42 U.S.C. § 1981 OR THE D.C. HUMAN RIGHTS ACT.

Plaintiffs have filed suit against these defendants under Title VII, 42 U.S.C. § 1981, and

the D.C. Human Rights Act for alleged race and/or age discrimination. *See* Amended Complaint.

Under the McDonnell Douglas test, a complainant in a Title VII trial must carry the initial

burden of establishing a *prima facie* case of racial and/or age discrimination.  *See Schwartz v.

Paralyzed Veterans of America,* 930 F.Supp. 3 (D.C. Cir. 1996).  To prevail under § 1981,

plaintiffs must demonstrate that the offending conduct was motivated by purposeful

discrimination.  *See General Bldg. Contractors Assn'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391

(1982).  Plaintiffs must establish that they were (1) treated differently than others who were

similarly situated; (2) because of their race and/or age.  *Berger v. Iron Workers Reinforced

Rodmen Local 201*, 843 F.2d 1395, 1413 (D.C. Cir. 1988).  Similarly, under the D.C. Human

Rights Act, plaintiffs must establish they these defendants discriminated against them because of

their race and/or age.  *See* D.C. Official Code § 2-1401.01, which prohibits discrimination by

reason of race or age.

Race and age are key elements of plaintiffs' claims under Title VII, 42 U.S.C. § 1981,

and the D.C. Human Rights Act.  There is an absence of any information pertaining to the race

and/or age of either plaintiff in this lawsuit.  *See* Amended Complaint, generally.  Because

plaintiffs' Third Amended Complaint lacks necessary elements to properly plead their claims,

dismissal is appropriate under Fed. P. Civ. R. 9, which tests the sufficiency of a complaint.

---

[3] Undersigned received information from the EEOC that plaintiffs' EEOC claims are still open for investigation.
See Exhibit #1.

## IV.   D.C. OFFICIAL CODE § 12-309 BARS PLAINTIFFS' CLAIMS UNDER THE D.C. HUMAN RIGHTS ACT

In order to maintain any action against the District of Columbia for unliquidated damages, a claimant/plaintiff must satisfy the mandatory notice requirement of D.C. Official Code § 12-309 (2001 ed.).  See, *Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C. 1975).  In particular, § 12-309 provides that:

> An action may not be maintained against the District of Columbia
> for unliquidated damages to person or property unless, within six
> months after the injury or damage was sustained, the claimant, his agent,
> or attorney has given notice in writing to the Mayor of the approximate
> time, place, cause, and circumstances of the injury or damage.

As indicated by a long line of cases, § 12-309 is to be strictly construed.  *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978); *Toomey v. District of Columbia*, 315 A.2d 565, 566 n.1 (D.C. 1974);  *District of Columbia v. World Fire & Marine Ins. Co.*, 68 A.2d 222, 225 (D.C. 1949); *Boone v. District of Columbia*, 294 F. Supp. 1156, 1157 (D.D.C. 1968).  "... [C]ompliance with the statutory notice requirement is mandatory," and is a "condition precedent to filing a suit against the District." *Hill*, 345 A.2d at 869; *Gwinn v. District of Columbia*, 434 A.2d 1376 (D.C. 1981).  More important, notice must be received within six months of the events which allegedly have caused a claimant's injury, not merely mailed or transmitted to the District within six months.  *DeKine v. District of Columbia*, 422 A. 2d 981, 984 (D.C. 1980).  Notice received even one day past due is considered untimely, and completely bars recovery against the District.  *Id*. at 986.

In this case, plaintiffs seek unliquidated damages from the District under the D.C. Human Rights.  However, they have failed to satisfy the statutory requirements of notifying the Mayor of their intent to file a claim against the District within six months of the alleged incident.  In their Amended Complaint, plaintiffs allege that they were discriminated against on or about July 14,

2004, at the earliest date. Therefore, plaintiffs were required to notify the Mayor of their potential

claim on or before January 14, 2005. The Office of Risk Management has no record of receiving

any notice letter informing the Mayor of plaintiffs' intent to file a claim against the District. *See*

Exhibit #3, Affidavit of Mia Powell Liley. Plaintiffs' failure to notify either the District or the

Mayor of their potential claim entitles the District to judgment as a matter of law. *See* March 4,

2005, Order granting District of Columbia's Motion to Dismiss Plaintiff's D.C. Human Rights Act

Claim in the D.C. Superior Court, hereto attached as Exhibit #4.

## IV.    CONCLUSION

Based upon the foregoing, defendants respectfully requests that dismissal, or alternatively

judgment be entered in favor of all defendants on all claims.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


__\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


___\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLENN GIARDINO, *et. al.*, | ) | |
| | ) | CA No.: 06-469 (JMF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### STATEMENT OF MATERIAL FACTS NOT AT ISSUE

Defendants, by and through undersigned counsel, and, pursuant to LCvR 7.1(h), submit the following statement of material facts as to which there is no genuine issue herein:

1.      Plaintiff Shepard did not receive a notice of right to sue letter from the EEOC prior to filing his complaint in this Court.  *See* Third Amended Complaint, generally and Exhibit #2.

2.      Plaintiff Giardino did not receive a notice of right to sue letter from the EEOC prior to filing his complaint in this Court.  *See* Exhibit #1.

3.      The Mayor nor the Office of Risk Management received a notice of plaintiffs' intent to sue the District of Columbia for unliquidated damages.  See Exhibit # 3.

4.      Plaintiffs do not aver what their race and/or age are within the Third Amended Complaint.  *See* Third Amended Complaint, generally.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

___\s_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


____\s_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLENN GIARDINO, *et. al.,* | ) | |
| | ) | CA No.: 06-469 (JMF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

## ORDER

Upon consideration of Defendants District of Columbia, Winston Robinson, Michael Anzallo, Jeffrey Parker, Mary Lanauze, and Thomas Boone's Motion for Judgment on the Pleadings, the Memorandum of Points and Authorities in Support thereto, Exhibits, plaintiffs' opposition thereto, if any, and the entire record herein, it is by the Court on this _____ day of _____ hereby:

ORDERED that the Defendants' Motion is GRANTED; and it is

FURTHER ORDERED that the Amended Complaint is dismissed.   .

_____
JOHN M. FACCIOLA
United States District Court Magistrate Judge

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GLENN GIARDINO, *et. al.,* | ) | |
| | ) | CA No.: 06-469 (JMF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Upon consideration of Defendants District of Columbia, Winston Robinson, Michael Anzallo, Jeffrey Parker, Mary Lanauze, and Thomas Boone's Motion for Summary Judgment, the Memorandum of Points and Authorities in Support thereto, Exhibits, plaintiffs' opposition thereto, if any, and the entire record herein, it is by the Court on this _____ day of _____ _____ hereby:

ORDERED: that the Defendants' Motion is GRANTED for the reasons set forth in their motion; and it is

FURTHER ORDERED:  that summary judgment is hereby entered in favor of the defendants.

_____
JOHN M. FACCIOLA
United States District Court Magistrate Judge