# Exhibit 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

129 West Trade Street, Suite 400
Charlotte, NC 28202
(704) 344-6682
TTY (704) 344-6684
FAX (704) 344-6734 & 6731

March 12, 2007

Michael P. Bruckheim
Assistant Attorney General for
 The District of Columbia
441 4th Street, N.W. 6th Floor-South
Washington, DC 20001

RE:   Glenn Giardino & Alexander Shepard v. District of Columbia
      EEOC Charge No. 100-2005-00710
      EEOC Charge No. 100-2005-00711
      FOIA No.43020070265A

Dear Mr. Bruckheim :

   Your Freedom of Information Act (FOIA) request has been processed. Your request for a copy of the file for the above-referenced charge is hereby denied because this investigation is still open.

   Your request is <u>denied in its entirety</u> under 5 U.S.C. Section 552(b)(7)(A).  This exemption authorizes the withholding of records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could interfere with enforcement proceedings.  The seventh exemption applies to civil and criminal investigations conducted by regulatory agencies, <u>Ehringhaus v. Federal Trade Commission</u>, 525 F. Supp. 21, 22-23 (D.D.C. 1980). Disclosure of the investigative file while the investigation is ongoing would hinder the Commission's efforts by permitting opportunities to the Respondents to retaliate against Charging Parties or other witnesses or potential witnesses who may become involved in the investigation.  See <u>NLRB v. Robbins Tire and Rubber Company</u>, 437 U.S. 214 (1978).  Furthermore, premature disclosure of the investigative files would impede the investigation and make the Commission's investigation more difficult to control. See <u>National Public Radio v. Bell</u>, 431 F. Supp. 509 (D.D.C. 1977); <u>J.P. Stevens & Co. v. Perry</u>, 710 F.2d 136 (4th Cir. 1983).  Exemption 7(A) applies "until...all reasonably foreseeable administrative and judicial proceedings are concluded."  <u>Southern Baptist Hospital v. EEOC</u>, 28 Empl. Prac. Dec. ¶ 32,585, at 24,642 (E.D. La. 1982).

   The following categories of documents, contained in the above-referenced investigative file, are exempt from disclosure under 7(A):

   1.   Internal notes regarding case processing.

   2.   Correspondence between the Commission, the Charging Party and the Respondent concerning the filing of the charge.

   3.   Deliberative notes and memoranda regarding assessments and analysis of the evidence.

   4.   Correspondence between the Charging Party and the Commission.

   5.   Correspondence between private attorney and the Commission.

   6.   Correspondence between the Respondent and the Commission concerning the Respondent's position with respect to the charge.

7.  Interview notes between the Commission, the Charging Party and the Respondent.

Michael P. Bruckheim.
page 2

You may appeal the denial and/or the Commission's handling of your request by writing, within thirty days of receipt of this letter, to Assistant Legal Counsel/FOIA Programs, Office of Legal Counsel, U.S. Equal Employment Opportunity Commission, 1801 L Street, N.W., Washington, D.C. 20507. You must include a copy of the Regional Attorney's determination with your appeal. Your appeal will be governed by 29 C.F.R. §1610.11.

Very truly yours,

Lynette Barnes by CLA
Lynette Barnes
Regional Attorney