United States District Court
for the District of Columbia

Glenn Giardino et.al

    V.                          Civil Action No. 06-0469(JMF)

The District of Columbia et.al

Opposition to Motion for Judgment on the Pleadings or for Summary Judgment.

The plaintiffs file the following opposition to the motion to for judgment on the pleadings or for summary judgment as follows;

1)The plaintiffs are not required to receive a right to sue letters in order to proceed to litigate their claim in the United States District Court for the District of Columbia. In title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et. Seq., a party is permitted to bring a private lawsuit after 180 days has passed after the filing of the complaint with the EEOC if no final agency decision has been received by the petitioner. See 42 US code 2000e-5, (b)(e)(f).More than 180 days have passed since the filing of the complaints with the EEOC and the lawsuits are timely.

2) In the recent case of Brown v. Tomlinson, 462 F. Supp.2nd 16, (DDC, 2006), the Court noted that an individual has exhausted his administrative remedies when he decides to proceed to court after 180 days has passed and there is no resolution of his claim. (see 29 C. F.R. 1614.407 and 42 U.S.C. 2000e-16(c)).. Saksenasingh v. Sec'y of Educ. 126 F3rd 347,350-51(D.C. Circ. 1997); Wilson v. Pena, 79 F3rd 154,166(D.C. Circ. 1996).Thus for the reasons stated the position of the office of the Attorney General is misplaced and the motion as to that aspect of the case must be denied.

3) The claim that the plaintiffs failed to make out a *prima facie* case of discrimination is misplaced as they alleged the appropriate standards and cited the statutes that they are relying upon.  If the defendants want the plaintiffs to use the magic words of their ages or race, they are prepared to file a modified amended complaint. Several counts were dismissed by Judge Huvelle and several are remaining. This was undertaken after hearings before Judge Huvelle who reviewed the entire complaint and allowed the counts to stand. Moreover the counsel for the defendant has totally failed to review the decision of the United States Supreme Court in the case of Swieriewicz v, Sorema N.A, 534 US 506(2002),where the Supreme Court of the United States clearly stated the pleadings requirements under the rules of civil procedure in an employment case so that the complaint filed herein is more than adequate to survive dismissal.

4)The defendants erroneously allege that the claims of the plaintiffs are fatal for failure to comply with section 309 of title 12 of the District of Columbia code. They cite no appellate decision for that proposition to the effect that in a Title VII case or a proceedings  under the Human Rights Act of the District of Columbia, that notice must be given. On the contrary, the law is the opposite .(see .Brown v.United States, 742 Fed2nd 1498(U. S .C .A DC *Cir ,en banc*) and authorities cited therein where the court stated that noncompliance with notice of claims provisions in the District of Columbia code could not bar federal claims.) Other courts that have considered the issue include Thomas v. James,809 F Supp. 448(1993,WD La); Burroughs v. Holiday Inn 621 F Supp.351(WDNY 1985); Lively v. Cullinane 451 F..Supp 999(DCDC,1976) ;Patrick v. City of Florala ,793 F. Supp 301(M D Ala 1992). In the case of Owen v. City of Independence, 445 US 622(1980), the Supreme Court ruled that by including municipalities within the class of "persons" subject to liability for violation of the federal constitution and laws, Congress, abolished whatever vestige of the State's sovereign immunity the municipality

possessed. Section 309 of title 12 of the code of the District of Columbia does not apply to alleged violations of the Human Rights Act of the District of Columbia as it is not based upon a tort but a specially created statutory right by the legislature. see Title 2.section 1403.16 of the District of Columbia code. Moreover, it should be noted that the individual defendants, who are members of the Metropolitan Police department are still liable as section 309 of title 12 only applies to the District of Columbia. <u>Brown v. United States,</u> supra; <u>McFlam v. Barry</u> 697 F2nd 366,368)D .C. Circ.1983,overruled in part on other grounds.

    5) The plaintiffs also allege that the defendants have waived their right to claim that the plaintiffs are barred by failure to comply with 12-309 of the code of the District of Columbia. This case has been pending for over a year, status calls and legal proceedings were held and at no time was the issue ever raised. It cannot be raised at this late stages of the proceedings. In the case of <u>Sanders v. District of Columbia</u>, D .D.C.(2002) 2002 WL 648965,the Court noted that section 12-309 ground for dismissal of an action is simply a penalty for noncompliance and thus waivable The court found that the District of Columbia did waive by permitting itself to be sued for more than four years without raising the failure to provide notice. At no time in the case at hand, has the District of Columbia ever suggested any prejudice, such as the loss of witnesses or evidence from the failure of plaintiffs to provide notice..This case has been in litigation for an extensive period of time and any claim of failure to comply with 12-309 of the District of Columbia code has been waived.

    Thus for the reasons stated the motion must be denied and the case proceeds through discovery and trial

_____
Sol Z. Rosen Esq. #10967
2501 Calvert Street NW #212
Washington, D.C. 20008
(202) 296-8485
Fax(202) 296-9375

The Certificate of Service

    I certify that a copy of the above has been served by ECF on the office of counsel for the defendants on April 20,2007.

_____
Sol Z. Rosen Esq.
