**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GLENN GIARDINO, *et. al.,* ) | |
| ) | C.A. No.: 06-0469 (JMF) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.,* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION FOR
JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT**

Defendants District of Columbia, Winston Robinson, Michael Anzallo, Jeffrey Parker,

Mary Lanauze, and Thomas Boone (hereinafter "defendants"), by and through undersigned

counsel, hereby submit the following Reply to plaintiffs' opposition to their motion for judgment

on the pleadings, or in the alternative, for summary judgment.[1]

**I.      PLAINTIFFS MAY NOT MAINTAIN THIS LAWSUIT BECAUSE THEY DID
         NOT RECEIVE A RIGHT TO SUE LETTER PRIOR TO FILING SUIT.**

Plaintiffs fail to address the two prerequisites that must occur prior to filing a case under

Title VII against the District of Columbia:  1) the timely filing of a charge with the EEOC or a

---

[1]The District defendants have reviewed *Swieriewicz v. Sorema,* 534 U.S. 506 (2002), wherein the Court opined that
Rule 8 did not require individuals to include specific facts in their Complaint establishing a prima facie case of
discrimination.  Additionally, on April 23, 2007, this Court issued a decision in *Annie Jackson v. D.C.* , C.A. No.
03-2172.  That case involved a claim of racial discrimination by an African American woman against her Caucasian
supervisor.  The District moved to dismiss that action because plaintiff failed to identify the race of the general
counsel – a key player in the alleged discrimination.  The District also argued that plaintiff failed to establish a
*prima facie* case of discrimination because plaintiff failed to draw a "causal connection between her demotion and
her race."  The Court, relying on *Sparrow v. United Air Lines,* 342 U.S. App. D.C., 268, 271, 216 F.3d 1111, 1114
(D.C. Cir. 2000), found that "because racial discrimination in employment is a claim upon which relief can be
granted,…"I was turned down for a job because of my race" is all a claim has to say.  *Id.* at 342 U.S.App.D.C., at
272, 216 F.3d at 115.  Although plaintiffs did not provide either their race and/or age as the plaintiffs in *Swieriewicz*
and *Jackson,* they have alleged that they were treated different than others because of their race and/or age.  As such,
these defendants will withdraw their argument as it relates to Rule 8 and 9 on this issue.

state agency, and 2) **receipt of a notice of right to sue from the EEOC and acting upon it in a timely manner**.  *See* 42 U.S.C. § 2000e; *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974); *Kennedy v. Whitehurst,* 690 F.2d 951, 961 (D.C. Cir. 1982); *Jones v. District of Columbia,* 273 F. Supp.2d 61, 64 (D.D.C. 2003) (emphasis added).

Receipt of a notice of right to sue letter prior to filing suit is required for District of Columbia employees.  See *Jones, supra,* a case filed against the District under Title VII, and in which this Court dismissed the lawsuit of several plaintiffs because they did not receive notice of right to sue letters prior to filing their court action against the District.  *See Jones,* 273 F. Supp.2d at 64.  Because neither plaintiff received a right to sue letter prior to filing suit, they have failed to exhaust their administrative remedies, and these defendants are entitled to dismissal of this lawsuit against them.

Plaintiffs do not dispute that they did not receive a notice of claim letter from the EEOC.[2] *See* Opposition, generally.  Instead, plaintiffs cite to 29 C.F.R. 1614.407 and *Brown v. Tomlinson,* 462 F. Supp.2d 16 (D.D.C. 2006) in support of their argument that they were not required to exhaust their administrative remedies.  However, their argument is misguided.  In *Brown, supra*, a plaintiff employed by the federal government filed an administrative complaint against a federal agency based on race and retaliation because of a previous EEO complaint he filed in 1996.  The Court found that the federal plaintiff had exhausted his administrative remedies because the requisite 180 days had elapsed between his filing of his initial complaint against defendant federal employer and his withdrawal from the administrative proceeding before any decision on the merits had been made.

---

[2] In the absence of such an assertion, defendants maintain that plaintiffs have conceded their failure to comply with 42 U.S.C. § 2000e, and that dismissal of their Title VII claims is warranted.

Both *Brown* and 29 C.F.R. 1614.407 establish filing procedures and deadlines for *federal sector employees.* (Emphasis added.) In this case, both plaintiffs are D.C. government employees, not federal employees. Accordingly, their reliance on those citations is incorrect, and their claims under Title VII therefore must be dismissed. Furthermore, a review of 29 C.F.R. 1614.407 establishes plaintiffs' inability to proceed against these defendants *even if* 29 C.F.R. 1614.407 was applicable to plaintiffs.

Section 1614.105 Pre-complaint processing provides that:

(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor **prior** to filing a complaint in order to try to informally resolve the matter.

(1) An aggrieved person **must** initiate contact with a Counselor **within 45 days of the date of the matter alleged to be discriminatory** or, in the case of personnel action, within 45 days of the effective date of the action. (Emphasis added.)

(2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

In the instant case, plaintiff Giardino avers that the alleged discriminatory conduct occurred on or about October 20, 2004. *See* Amended Complaint, Exhibit #1. Plaintiff Shepard claims that the discriminatory conduct occurred in November 2004. *See* Amended Complaint,

Exhibit #2.   However, plaintiff Giardino did not file his administrative complaint  until July 14,

2005, more than 45 days from the date of the alleged discrimination.  *See* Amended Complaint,

Exhibit #1.  Plaintiff Shepard did not file his administrative complaint until April, 2005, again more

than 45 days after the alleged discrimination.  *See* Amended Complaint, Exhibit #2.  Because

neither plaintiff filed their administrative complaint within 45 days of the alleged discriminatory

conduct, they have failed to comply with § 1614.105 1, and the defendants would be entitled to

judgment as a matter of law.

## II.   D.C. OFFICIAL CODE § 12-309 BARS PLAINTIFFS' CLAIMS UNDER THE D.C. HUMAN RIGHTS ACT

D.C. Official Code § 12-309 is clear in its mandate.  In order to maintain any action

against the District of Columbia for unliquidated damages, a claimant/plaintiff must satisfy the

mandatory notice requirement of the statute.  *See*, *Hill v. District of Columbia*, 345 A.2d 867,

869 (D.C. 1975).  Plaintiffs ineffectively argue that § 12-309 is inapplicable in this case.

Plaintiffs first rely on case law which held that non-compliance with § 12-309 does not bar

federal claims, and that the District has waived its right to assert this defense.  However, the District

is not arguing that plaintiffs' non-compliance is a bar to their federal claims.  The District argues

that plaintiffs' non-compliance is a bar to their *District* claim under the D.C. Human Rights Act.

Plaintiffs' compliance with the statutory notice requirement is "mandatory," and is a "condition

precedent to filing a suit against the District."  *See Hill*, 345 A.2d at 869; and *Gwinn v. District of*

*Columbia*, 434 A.2d 1376 (D.C. 1981).  Plaintiffs' failure to comply with the mandatory statute

entitles the District to dismissal of their claim under the D.C. Human Rights Act.

Plaintiffs' argument that the District somehow "waived" their right to argue dismissal

under § 12-309 lacks merit.  Plaintiff cites to *Sanders v. District of Columbia,* 2002 WL 648965

(D.D.C. 2002) in support of his argument.  In fact, plaintiff specifically stated in his opposition

that the *Sanders* Court "noted that section 12-309 ground for dismissal is simply a penalty for noncompliance and thus waivable." *See* Plaintiff's Opposition. However, the *Sanders* matter did not concern any issues with § 12-309. Instead, *Sanders* dealt with the issue of whether the plaintiffs' failure to disclose their theory of damages during discovery precluded them from raising it at trial. A quick review of *Sanders* reveals that the Court never suggested that the defense of noncompliance with § 12-309 was waivable.

Furthermore, the defense of noncompliance with § 12-309 was preserved in the District's Answer to plaintiffs' Amended Complaint. *See* Court Docket, #20. Plaintiffs' non-compliance with § 12-309 defeats their DCHRA claim against the District, and the District is entitled to judgment as a matter of law.

## IV.     CONCLUSION

Based upon the foregoing, defendants respectfully requests that dismissal, or alternatively judgment, be entered in favor of all defendants on all claims.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


\_\_\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


\_\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov