UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GLENN GIARDINO, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-0469  (JMF) |
| DISTRICT OF COLUMBIA, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This case has been referred to me by consent of the parties for all purposes, including trial.

I.  PLAINTIFFS' CLAIMS

According to the amended complaint, the plaintiffs have sued the District of Columbia and the denominated defendants (Winston Robinson, Michael Anzallo, Jeffrey Parker, Mary Lanauze, and Thomas Boone) (the "individual defendants"), invoking Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the "Human Rights Law of the District of Columbia," D.C. Code § 2-1402.21(a); the Americans with Disabilities Act, 42 US.C. § 12101; the Rehabilitation Act, 29 U.S.C. § 701; the Age Discrimination in Employment Act, 29 U.S.C. § 621; and 42 U.S.C. §§ 1981, 1983 and 1985(3).[1] Amended Complaint at 3.

The individual defendants are "sued in their individual capacity." Id.  But, the complaint also alleges that they "were acting within the scope of their employment and as

---

[1] All references to the United States Code or the D.C. Code are to the electronic versions that appear in Westlaw or Lexis.

agents for the defendant the District of Columbia" in that they were "acting under color of law as officers and members of the Metropolitan Police Department in engaging in illegal activities to deprive the plaintiffs of due process of law and equal protection of the law as guaranteed by the fifth amendment to the constitution." Id.

The amended complaint therefore sets forth various claims for relief against the defendants as follows:

1. Claims against the District of Columbia itself based upon four federal employment statutes—Title VII, the Americans with Disabilities Act, the Rehabilitation Act, and the Age Discrimination in Employment Act;

2. Claims against the individual defendants under these same four federal statutes;

3. Claims against the named defendants under 42 U.S.C. §§ 1981, 1983 and 1985(3) (the "Civil Rights Act") based on their violation of the plaintiffs' constitutional rights;

4. Claims against the District of Columbia under the Civil Rights Act based on the acts of the individual defendants;

5. Claims against the District of Columbia under the District of Columbia Human Rights Act (the "Human Rights Act"); and

6. Claims against the individual defendants under the Human Rights Act.

## II. DEFENDANTS' MOTION

The District of Columbia and the individual defendants, who are all represented by the Office of the Attorney General of the District of Columbia, have now filed Defendants' Motion for Judgment on the Pleadings or in the Alternative, Motion for

Summary Judgment [#31] ("Defs. Mot."). In it, they seek dismissal on two grounds: (1) plaintiffs never received a right to sue letter from the Equal Employment Opportunity Commission and (2) plaintiffs never gave the required notice to the Mayor.

### III.     JUDGE HUVELLE'S ORDER AND ITS CONSEQUENCES

Before ruling on that motion, it is crucial to first recall that Judge Huvelle has already ruled that plaintiffs cannot press any claim for relief against the individual defendants premised on the federal employment statutes. See Minute Order, 10/3/2006, amended by Minute Order, 11/17/2006. Those claims have been dismissed and the individual defendants therefore need not have moved to dismiss claims against themselves premised on the federal employment statutes. Instead, plaintiffs may press such claims only against the District, and the District may seek dismissal as against the District itself.

Second, the District is subject to suit under the District of Columbia Human Rights Act, see Minute Order, 10/3/2006, and it may therefore move to dismiss that claim for failure to comply with a District of Columbia Code provision requiring notice to the Mayor. See D.C. Code § 12-309.

Third, the Human Rights Act claims for relief against the individual defendants premised on acts done in their official capacities must be deemed to be stating a claim against the District. See Clark v. Library of Congress, 750 F.2d 89, 102 (D.C. Cir. 1984). Thus, the individual defendants may be permitted to join in the District's motion as to the Human Rights Act insofar as the complaint asserts a claim for relief under the Human Rights Act against them in their official capacities.[2]

---

[2] Note that insofar as the individual defendants are sued in their individual capacities, the claim for relief based on the Civil Rights Act is against them and not the District. See Amended Complaint at 3.

3

For present purposes, I will therefore deem the motion filed to speak only to (1) the federal employment claims against the District of Columbia, (2) the Human Rights Act claim against the District, and (3) the Human Rights Act claim against the individuals in their official capacities.

## IV.    ANALYSIS

### A.    Right to Sue Letter

The District claims that plaintiffs have never received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Defs. Mot. at 5-6.  Plaintiffs apparently would concede they haven't because they argue that they are permitted to file this lawsuit without such a right-to-sue letter upon the passage of 180 days from the day of their filing their complaint with the EEOC. Opposition to Motion for Judgment on the Pleadings or for Summary Judgment [#34] ("Pls. Opp.") at 1.  Plaintiffs are incorrect.  It is the law of this Circuit that, pursuant to 42 U.S.C. §2000e-5(f)(1), "the receipt of a right to sue notice is a condition precedent to the initiation of a Title VII civil action." See Williams v. Washington Metro. Area Transit Auth., 721 F.2d 1412, 1418 n.12 (D.C. Cir. 1983).

It is also true, however, that "[r]eceipt of a right-to-sue notice during the pendency of the Title VII action cures the defect caused by the failure to receive a right-to-sue notice before filing a Title VII claim in federal court." Id.  Accordingly, plaintiffs will be given sixty days within which to secure the right-to-sue letter from the EEOC or their claims premised on the federal employment statutes will be dismissed.

### B.   Notice to the Mayor

D.C. Code §12-309 provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code §12-309.  To support its motion, the District provides an affidavit from its Office of Risk Management indicating that plaintiffs have not given the notice required by this statute.  Defs. Mot., Exhibit 3, Affidavit of Mia Powell Liley ¶ 4.

Plaintiffs do not claim that they provided the notice required but instead insist they were under no obligation to file such a notice. Pls. Opp. at 2.  They rely on Brown v. United States, 742 F.2d 1498 (D.C. Cir. 1984) (en banc) to excuse their sending a notice to the Mayor but, as the District points out, that case held that the claims provision in D.C. Code § 12-309 did not apply to "causes of action that, like this constitutional tort claim, are creations of federal law." Id. at 1500; accord Bowie v. Gonzalez, 433 F. Supp. 2d 24, 29 (D.D.C. 2006).

In this case, however, the claims based on the D.C. Human Rights Act are not "creations of federal law."  Additionally, when a federal court exercises pendent jurisdiction over a claim based on state law, it must apply an applicable notice-of-claim provision. Felder v. Casey, 487 U.S. 131, 151 (1988) ("[F]ederal courts entertaining state-law claims against Wisconsin municipalities are obligated to apply the notice-of-claim provision."); see also Hewett v. Inland Hosp., 39 F. Supp. 2d 84, 86-88 (D. Me. 1999); INX Int'l Ink Co. v. Delphi Energy & Engine Mgmt. Sys., 943 F. Supp. 993, 997-

5

99 (E.D. Wis. 1996). The failure to file the notice required by D.C. Code § 12-309 therefore would doom plaintiffs' claims against the District and the individual defendants who are sued in their official capacities.

Plaintiffs assert, however, that since this case has been "pending for over a year, with status calls and legal proceedings," and defendants are only now asserting the failure to provide notice as required under the statute, defendants have waived raising any failure to comply. Pls. Opp. at 3. To support their argument, plaintiffs rely on <u>Sanders v. District of Columbia</u>, Civ. A. No. 97-2938, 2002 WL 648965 (D.D.C. Apr.15, 2002), where Judge Friedman found a waiver in the District's "permitting itself to be sued for over four years without raising the failure to provide notice." <u>Id.</u> at *3.

In this case, the District claims that its answer to the amended complaint, docket number 20, asserted the defense of failure to comply with D.C. Code § 12-309. <u>Defendants Reply to Plaintiffs' Opposition to Their Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment</u> [#35] at 5. But I have reviewed that document and found no reference in it to D.C. Code § 12-309. There is a defense asserted of failure to exhaust administrative remedies, <u>see</u> Answer, Sixth Defense, but that could just as easily be a reference to the plaintiffs' failure to secure a right to sue letter as to the federal employment counts. I cannot construe such an ambiguous reference as a specific assertion of non-compliance due to the failure to give the Mayor notice of suit pursuant to D.C. Code § 12-309.

Since the District did not assert in its answer the failure of plaintiffs to notify the Mayor as required, the defense cannot be raised by a motion for judgment on the pleadings or for summary judgment until the District first moves to amend its answer.

6

See Harris v. U.S. Dep't of Veterans Affairs, 126 F.3d 339, 345 (D.C. Cir. 1997) ("[W]e hold that Rule 8(c) means what it says: a party must first raise its affirmative defenses in a responsive pleading before it can raise them in a dispositive motion."). Accordingly, the order that accompanies this opinion permits the District to move for leave to amend their answer and for the plaintiffs to oppose.

## V. CONCLUSION

Plaintiffs' claims against the District based on the federal employment statutes will be dismissed unless plaintiffs secure, within sixty days, a right-to-sue letter.

Defendants' motion to dismiss the Human Rights Act claims against the District and the individual defendants in their official capacities are held in abeyance until the Court rules upon the defendants' motion to amend their answer to set forth the defense premised on D.C. Code § 12-309.

An Order accompanies this Memorandum Opinion.

_____/s/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: August 28, 2007