UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN GIARDINO, *et. al.*,           ) | |
|                                       ) | C.A. No.: 06-0469 (JMF) |
|         Plaintiffs,                   ) | |
|                                       ) | |
|      v.                               ) | |
|                                       ) | |
| DISTRICT OF COLUMBIA, *et. al.*,      ) | |
|                                       ) | |
|         Defendants.                   ) | |
| _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR LEAVE TO
AMEND ITS ANSWER TO THE AMENDED COMPLAINT**

Defendants District of Columbia, by and through counsel, herein moves, pursuant to Fed. P. Civ. R. 15(a), to amend its Answer to plaintiffs' Amended Complaint. By Order, dated October 12, 2006, this Court dismissed plaintiffs' claims under the D.C. Human Rights Act with prejudice. The District filed its Answer to plaintiffs' Amended Complaint on November 2, 2006, and did not include its D.C. Official Code § 12-309 defense to the D.C. Human Rights claim since the claim had been dismissed. See Docket Entry #20. By Minute Order, dated November 17, 2006, the Court reinstated plaintiffs' claims under the D.C. Human Rights Act. Because of inadvertence and the change of counsel, an Amended Answer was not more timely filed.

Detailed grounds for the herein requested relief are set forth in the attached memorandum of points and authorities in support of this motion.

                              Respectfully submitted,

                              LINDA SINGER
                              Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

\_\_\_\\s\\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

\_\_\_\\s\\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-727-6295
E-mail: Michael.bruckheim@dc.gov

### **CERTIFICATION PURSUANT TO LCvR 7(m)**

I hereby certify that on or about September 5, 2007, the undersigned sought the consent of plaintiff's counsel for the herein-requested relief. Consent was not given, which necessitates the filing of this motion.

\_\_\_\_\_\\s\\_____
Michael Bruckheim
Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN GIARDINO, *et. al.*,     )<br>                                                        )<br>        Plaintiffs,                          )<br>                                                        )<br>        v.                                         )<br>                                                        )<br>DISTRICT OF COLUMBIA, *et. al.*,   )<br>                                                        )<br>        Defendants.                         )<br>_____) | C.A. No.: 06-0469 (JMF) |

### **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DISTRICT'S MOTION TO AMEND ITS ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

In support of its motion to amend its Answer to plaintiffs' Amended Complaint, the District states as follows:

1.   On March 14, 2006, plaintiffs filed their Complaint against the District and its employees under Title VII of the Civil Rights Act of 1964, the Civil Rights Act pursuant to 42 U.S.C. §§ 1983, 1985(2), the American With Disabilities Act, the Rehabilitation Act, the ADEA, and the District of Columbia Human Rights Act (DCHRA).

2.   On May 22, 2006, the defendants moved to dismiss plaintiffs' Complaint.

3.   The parties appeared before this Court on July 12, 2006.  By Minute Order, dated July 12, 2006, the Court dismissed plaintiffs' Complaint without prejudice. The Court granted plaintiffs leave to re-file the Complaint.

4.   Instead of re-filing the Complaint, plaintiffs filed an Amended Complaint containing virtually the same claims as the original complaint.  Plaintiffs sought to

proceed against the named defendants under the following theories of liability: violations of Title VII of the Civil Rights Act of 1963, the Civil Rights Act pursuant to 42 U.S.C. §§ 1981, 1983, 1985(2), the American With Disabilities Act, the Rehabilitation Act, the ADEA, and the District of Columbia Human Rights Act (DCHRA). By Order, dated October 3, 2006, the Court granted in part and denied in part the defendants' motion to dismiss. The Order, in pertinent part, reads as follows:

> "For the reasons stated in open court, … Plaintiffs' Complaint is hereby **DISMISSED WITH PREJUDICE** with respect to all claims under 42 U.S.C. secs. 1985(3) and 1986; plaintiff Shepard's age-discrimination claims under 42 U.S.C. sec. 1981; plaintiff Giardino's race-discrimination claims against defendants Ramsey, Fitzgerald, Patrizio, Epps, and Manning under 42 U.S.C. sec. 1981; all claims against individual defendants under Title VII, 42 U.S.C. sec. 2000e et seq.; **all claims under the District of Columbia Human Rights Act**; and all claims under the Americans with Disabilities Act, 42 U.S.C. sec. 12101 et seq., and the Rehabilitation Act, 29 U.S.C. sec. 701 et seq. Defendants' Motion to Dismiss is DENIED with respect to plaintiff Giardino's race-discrimination claims against all remaining defendants under 42 U.S.C. sec. 1981; and plaintiffs' claims for hostile work environment and retaliation against defendant District of Columbia under Title VII and the Age Discrimination in Employment Act, 29 U.S.C. sec. 621 et seq.

(Emphasis Added.)

5.     On November 2, 2006, the defendants' filed an Answer to plaintiffs' Amended Complaint. Absent from that Answer was the District's defense that plaintiffs failed to comply with D.C. Official Code § 12-309 because the Court had dismissed plaintiffs' claims pursuant to the D.C. Human Rights Act with prejudice. See July 12, 2006, Minute Order.

6.     On February 5, 2007, undersigned counsel entered his appearance in this case. See Docket Entry #25. On March 30, 2007, undersigned counsel filed a Motion for Judgment on the Pleadings and/or Motion for Summary Judgment on several grounds,

one of which was that plaintiffs failed to comply with D.C. Official Code § 12-309, and are barred from proceeding on their claim filed under the D.C. Human Rights Act. See Docket Entry #31. Plaintiffs opposed the motion on the grounds that the defendants failed to assert the defense in their Answer.

7. By Order, dated August 23, 2007, this Court held the defendants' argument in abeyance, until this Court rules upon the defendants' motion for leave to amend their complaint.

8. The District now moves for leave to amend its answer to plaintiffs' Amended Complaint pursuant to Fed. P. Civ. R. 15(a). Rule 15(a) states that leave to amend a party's pleading "shall be freely given" when justice so requires. In this instance, justice requires the amendment to allow the District to assert the defense it traditionally includes in its Answers, if appropriate, to claims filed under the D.C. Human Rights Act. Plaintiffs are not unduly prejudiced by the delay and/or the District's failure in asserting the defense in its Answer.

9. Plaintiffs' reliance on *Sanders v. District of Columbia*, Civ. A. No. 97-2938, 2002 WL 648965 (D.D.C. Apr. 15, 2002) is misguided. In that case, Judge Friedman found that the District had waived its defense by "permitting itself to be sued for over four years without raising the failure to provide notice." *See* Memorandum Opinion, docket no. 37, p.6. In this case, the record is clear that plaintiffs were put on notice of the District's defense on or about May 30, 2007, when it filed its Motion for Judgment on the Pleadings, or in the alternative, Motion for Summary Judgment. The failure to more timely amend its Answer filed on November 2, 2006, was through

inadvertence and the change of counsel.  Moreover, unlike the *Sanders* case that was litigated for over four years, discovery has not yet commenced in this case.

10. Plaintiffs' compliance with the statutory notice requirement of § 12-309 is "mandatory," and is a "condition precedent to filing a suit against the District." *See Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C. 1975); *Gwinn v. District of Columbia*, 434 A.2d 1376 (D.C. 1981).  Thus, plaintiffs were *required* to comply with the statute before filing suit, and their failure to do so bars their claim against the District.

11. This Court has discretion to allow the District to act when its failure to act was inadvertent, and justice so requires.  See Rule 15(a).  The District has attached its Amended Answer to Plaintiffs' Amended Complaint for the Court's convenience.

WHEREFORE, defendant District of Columbia requests that this Court grant its motion for leave to amend its Answer to plaintiffs' amended complaint.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>  \s\
>PATRICIA A. JONES [428132]
>Chief, General Litigation Sec. IV
>
>  \s\
>MICHAEL P. BRUCKHEIM [455192]
>Assistant Attorney General
>441 4TH Street, NW, 6th Floor-South
>Washington, D.C.  20001
>202-724-6649; 202-727-6295
>E-mail:  Michael.bruckheim@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN GIARDINO, *et. al.*, ) | |
| ) | C.A. No.: 06-0469 (JMF) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **ORDER**

Upon consideration of defendant District of Columbia's motion for leave to amend its answer to plaintiffs' amended complaint, any opposition thereto, and the record herein, it is this ____ day of _____, 2007,

ORDERED: that defendant District of Columbia's motion is hereby GRANTED for the reasons set forth therein; and it is,

FURTHER ORDERED: that defendant District of Columbia's Amended Answer is hereby accepted for filing.

_____
Judge John M. Facciola