UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN GIARDINO, *et. al.*, ) | |
| ) | C.A. No.: 06-0469 (JMF) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S RESPONSE TO THE COURT'S**
**NOVEMBER 26, 2007, ORDER TO SHOW CAUSE**

Defendants District of Columbia, Winston Robinson, Michael Anzallo, Jeffrey Parker, Mary Lanauze, and Thomas Boone (hereinafter "defendants"), by and through undersigned counsel, hereby submit the following response to the plaintiffs' response to the Court's November 26, 2007, Order to Show Cause.

**I.    PRELIMINARY STATEMENT**

On March 30, 2007, defendants filed a motion for judgment on the pleadings, or alternatively summary judgment, arguing *inter alia* that plaintiffs' claims under Title VII must be dismissed because they failed to receive a notice of right to sue letter from the EEOC prior to filing their lawsuit in this Court.  *See* Court Docket, #31.  On August 28, 2007, this Court ruled that plaintiffs had 60 days from the date of the Order to file their notice of right to sue letter, or their claims under Title VII would be dismissed.  *See* Court Docket, #36.  Plaintiffs failed to comply with this Court's Order, prompting an order to show cause as to why their claims should not be dismissed.  *See* November 26, 2007, Minute Order to Show Cause..

On November 27, 2007, plaintiff Giardino filed a notice of right to sue letter that he received from the Department of Justice.  Plaintiff Sheppard admitted that he did not have a

notice of right to sue letter.  *See* Court Docket, #42.  As set forth below, because neither plaintiff Giardino nor Sheppard have received right to sue letters from the EEOC, their claims must be dismissed.

## II.    PLAINTIFF GIARDINO'S CLAIMS SHOULD BE DISMISSED BECAUSE HIS RIGHT TO SUE LETTER WAS ISSUED BY THE WRONG ENTITY.

Aside from defying this Court's August 28, 2007, Order to file his notice of right to sue letter within 60 days of that Order, plaintiff Giardino's November 27, 2007, filing is deficient since it is a right to sue letter issued by the wrong authority.  *See* Court Docket, #42.  The notice letter was issued by the Department of Justice (hereafter "DOJ"), and not the Equal Employment Opportunity Commission (hereafter "EEOC").  According to the notice letter, it was issued because Mr. Giardino "filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date this Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because [Mr. Giandino} have specifically requested this Notice."  *Id.*

Based on the clear language of the DOJ notice, the EEOC did not make a reasonable cause finding or a finding that there was no reasonable cause. *Id.*  In such circumstances, the EEOC has the sole authority to issue a right to sue notice.  As the D.C. Circuit stated,

> [T]he statutory language and structure contemplate that the Commission will issue right to sue notices in cases involving a governmental unit when it does not find probable cause. The Attorney General will issue such notices only when the EEOC finds probable cause, conciliation efforts fail, and the EEOC refers the case to the Justice Department, but the Attorney General decides not to pursue the action.

*See Dougherty v. Barry*, 869 F.2d 605, 611-612 (D.C. Cir. 1989). This allocation of responsibilities is also established by regulation. *See* 29 C.F.R. 1601.28(d). Under *Dougherty*, the notice received by plaintiff is invalid because DOJ had no authority to issue it. Such an

invalid notice does not permit the filing of a lawsuit. *Dougherty*, 869 F.2d at 611 (improper issuance of DOJ right to sue notice did not revive improvidently dismissed charge). *See also, McGee v. District of Columbia,* 2006 U.S. Dist. LEXIS 64451 (D.D.C. September 9, 2006).

### III. PLAINTIFF SHEPPARD'S CLAIMS SHOULD BE DISMISSED BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

Plaintiff Sheppard has conceded that he has not received a right to sue letter. See Docket Entry #42. Therefore, since the law is clear that a party must obtain a right to sue letter **prior** to bringing a Court action, summary dismissal of plaintiff Sheppard's claims is mandated. *See Williams v. Washington Metro. Area Transit Auth.,* 721 F.2d 1412, 1418 n. 12 (D.C. Cir. 1983), (holding the receipt of a right to sue notice is a condition precedent to the initiation of a Title VII civil action).

### IV. CONCLUSION

Plaintiffs Giardino and Sheppard have not exhausted their administrative remedies prior to initiating this Title VII action, and may not maintain this action. As set forth above, plaintiff Sheppard never received a right to sue letter, and plaintiff Giardino's right to sue notice was issued by the wrong entity. Controlling authority in this Circuit establishes that dismissal of this Court action is mandated. As the Supreme Court has noted in applying Title VII's procedural requirements, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *See Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Accordingly, plaintiffs' Title VII claims must be dismissed.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


\_\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov