# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GLENN GIARDINO, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 06-469  (JMF) |
| DISTRICT OF COLUMBIA, et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiffs bring this action, in part, against the District of Columbia under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (the "federal employment statutes"), and the District of Columbia Human Rights Act ("DCHRA"), D.C. Code § 2-1401.01 et seq.  The viability of those claims are before the Court as part of the defendants' challenges under 42 U.S.C. § 2000e-5(f)(1) and D.C. Code § 12-309.

### I.   Right-to-Sue Letters

#### A.   Background

The defendants previously moved for dismissal based on the plaintiffs' failure to obtain right-to-sue letters from the Equal Employment Opportunity Commission ("EEOC"), as is required by 42 U.S.C. § 2000e-5(f)(1)[1] and Williams v. Washington Metro. Area Transit Auth., 721 F.2d 1412, 1418 n.12 (D.C. Cir. 1983) ("[T]he receipt of a right to sue notice is a condition precedent to the initiation of a Title VII civil action."). Defendants' Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment [#31] at 5.  The Court granted plaintiffs "sixty days within which to

---

[1]   All references to the United States Code and the D.C. Code are to the electronic versions that appear in Westlaw or Lexis.

secure the right-to-sue letter from the EEOC." Memorandum Opinion, Aug. 28, 2007 [#37] at 4. Plaintiffs were warned that if this deadline was not met "their claims premised on the federal employment statutes will be dismissed." Id. See also Order, Aug. 28, 2007 [#36] at 1 ("**ORDERED** that Plaintiffs' claims against Defendant District of Columbia based on the federal employment statutes will be dismissed with prejudice in **SIXTY DAYS** unless Plaintiffs secure the necessary right to sue letter from the EEOC").

The sixty-day deadline passed without a word from the plaintiffs, who were then ordered to show cause "why any claims premised on the federal employment statutes should not be dismissed." Minute Order, Nov. 26, 2007. In their response, the plaintiffs stated, in relevant part:

> The plaintiff Giardino recently received his "right to sue" letter from the department (sic) of Justice after waiting for the same for several months. The plaintiff Shepard has written for his but the same has not been received as yet because of the delays at the Department of Justice. It is anticipated that the same will be received shortly and will be served on the Court and counsel. (sic) for the defendant.

Response to Order to Show Cause [#42] ("First Resp.") at 1. Several months later, the plaintiffs filed a notice with the Court, attached to which was a "'right (sic) to Sue Letter' that [Shepard] recently received from the EEOC although the same was requested several months ago." Notice of Filing of Supplemental Pleadings in Support of Opposition to Motion to Dismiss [#45] at 1.

### B. Plaintiff Alexander Shepard

Mr. Shepard has now produced a letter entitled "Dismissal and Notice of Rights," sent to him by the EEOC on February 11, 2008. EEOC Form 161 [#45-2]. This letter

states that the EEOC "clos[ed] its file" on Mr. Shepard's charge because he "filed a lawsuit on the same issues in U.S. District Court," and notifies him of his rights to sue. Id.

This Court does not take lightly a litigant's failure to comply with its orders, and there is no question that this right-to-sue letter was received and produced by Mr. Shepard long after the expiration of the Court's sixty-day deadline.[2] Memorandum Opinion, Aug. 28, 2007 [#37] at 4; Order, Aug. 28, 2007 [#36] at 1. It is nevertheless true that in this Circuit a plaintiff's Title VII action cannot be dismissed for failure to receive a right-to-sue letter if, as happened here, such a notice is received before the court acts on dismissal. See Williams, 721 F.2d at 1418 n.12 ("[R]eceipt of a right-to-sue notice during the pendency of the Title VII action cures the defect caused by the failure to receive a right-to-sue notice before filing a Title VII claim in federal court."); Holmes v. PHI Service Co., 437 F. Supp. 2d 110, 123 (D.D.C. 2006) ("[A] court should not dismiss [a Title VII] claim [for failure to exhaust administrative remedies] if, after filing the complaint but before dismissal, the plaintiff receives a corresponding right-to-sue letter from the EEOC.").

Because the EEOC dismissed Mr. Shephard's charge and issued a right-to-sue letter prior to the dismissal of his federal employment claims, those claims will not now be dismissed.

---

[2] Counsel for Mr. Shepard implies that the delay in receiving the right-to-sue letter was the fault of the EEOC. Second Resp. at 1 (noting that the letter was "recently received from the EEOC although the same was requested several months ago."). It is unclear, however, how long he waited after the issuance of the deadline to first request the letter – and, regardless, the request should have been made before this lawsuit was filed on Mar. 14, 2006, Williams, 721 F.2d at 1418 n.12, and could have been requested at anytime thereafter. The fault for the delay lies with the plaintiffs and their counsel.

**C.    Plaintiff Glenn Giardino**

Mr. Giardino received what he asserts is a right-to-sue letter from the Department of Justice ("DOJ"), but the defendants argue that the DOJ had no authority to issue such a letter. Attached to the plaintiffs' Response is a letter to Mr. Giardino from Janet A. Stump, Supervisory Investigator at the EEOC, dated November 14, 2007 ("EEOC Letter"). In the EEOC Letter, Ms. Stump states that "the EEOC is closing your case upon issuance of the attached Notice of Right to Sue." Id. Ms. Stump is referring to a letter addressed to Mr. Giardino from Karen L. Ferguson, Supervisory Civil Rights Analyst, Employment Litigation Section, Civil Rights Division, Department of Justice ("DOJ Letter"). The DOJ Letter is entitled "Notice of Right to Sue Within 90 Days," and refers to "EEOC Charge Against Metropolitan Police Dept. No. 100200500710." The DOJ Letter states in relevant part:

> Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

Id.[3]

The defendants, citing Dougherty v. Barry, 869 F.2d 605 (D.C. Cir. 1989), argue that the DOJ can issue a valid right-to-sue letter "only when the EEOC finds probable cause, conciliation efforts fail, and the EEOC refers the case to the Justice Department, but the Attorney General decides not to pursue the action." Defendants' Response to

---

[3]    Defendants correctly point out that the EEOC Letter and the DOJ Letter, both dated November 14, 2007, were not secured within the Court's sixty-day deadline. The Court refers to its prior discussion of the ability of a plaintiff to cure a failure to secure a right-to-sue letter.

4

Plaintiff's Response to the Court's November 26, 2007, Order to Show Cause [#43] at 2 (quoting Dougherty, 869 F.2d at 611-12).  See also McGee v. District of Columbia, 06-CV-705, 2006 WL 2598264, at *2 (D.D.C. Sept. 11, 2006).  Because those events did not occur here, they argue that the DOJ Letter has no effect.  Though the Court of Appeals used broad language (i.e. "only when the EEOC finds probable cause . . . ") in Dougherty, the relevant statutory and regulatory language suggests that it is not applicable where, as here, the EEOC did not make any probable cause determination.

If the EEOC determines that there is no probable cause to believe the charge against the government is true, it must dismiss the charge and issue a right-to-sue letter.  42 U.S.C. § 2000e-5(b).  Where, as in Dougherty, the EEOC finds probable cause but is unable to secure a conciliation agreement, it shall refer the case to DOJ, which would then be responsible for issuing a right-to-sue letter.  42 U.S.C. §§ 2000e-5(b), 2000e-5(f)(1).  If the EEOC makes no probable cause determination, however, the following statutory language suggests that the DOJ may issue a right-to-sue letter:

> If a charge filed with the Commission . . . is dismissed by the Commission, **or if within one hundred and eighty days from the filing of such charge . . . the Commission has not entered into a conciliation agreement to which the person aggrieved is a party**, the Commission, or **the Attorney General** in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . .

42 U.S.C. § 2000e-5(f)(1) (emphasis added).  Because 180 days have passed since the filing of the charge and the EEOC has not entered into a conciliation agreement with Giardino, this statute indicates that the DOJ may issue a right-to-sue letter.  Id.  This conclusion is further supported by the following regulatory language:

5

> In all cases where the respondent is a government, governmental agency, or a political subdivision, **the Commission will issue the notice of right to sue when there has been a dismissal of a charge** . . . **In all other cases** where the respondent is a government, governmental agency, or political subdivision, **the Attorney General will issue the notice of right to sue** . . .

29 C.F.R. § 1601.28(d) (emphasis added). Because EEOC did not dismiss Giardino's charge, this is one of the "other cases" in which the DOJ may issue a right-to-sue letter. Id. Moreover, this regulation states that the cases in which the Attorney General will issue the right-to-sue letter "includ[e]" – and thus are not limited to – the situation described in Dougherty where the EEOC finds probable cause, conciliation efforts fail, and the Attorney General decides not to pursue the action. 29 C.F.R. § 1601.28(d)(1); Dougherty, 869 F.2d at 611-612.

Because the EEOC did not make a probable cause determination and the DOJ Letter was issued more than 180 days after Mr. Giardino filed his charge, his federal employment claims will not be dismissed.

## II.     The DCHRA and § 12-309

### A.     Background

On August 11, 2006, the plaintiffs filed their Amended Complaint [#12]. The defendants moved to dismiss the complaint for failure to state a claim, Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [#15], and Judge Huvelle ultimately dismissed with prejudice all of plaintiffs' claims arising under the DCHRA. Minute Order, Oct. 3, 2006. The defendants filed an amended answer on November 2, 2006, but did not raise a § 12-309 defense because the DCHRA claims had been dismissed. Amended Answer [#20]. Just over two weeks later,

however, Judge Huvelle reinstated the plaintiffs' DCHRA claims.  Minute Order, Nov. 17, 2006.

The defendants entered the appearance of new counsel on February 5, 2007, Notice of Entry of Appearance [#25], and moved to dismiss the plaintiffs' DCHRA claims on March 30, 2007, on the grounds that, *inter alia*, the plaintiffs had failed to provide adequate notice pursuant to D.C. Code. § 12-309.  Defendants' Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment [#31]. This Court, noting that the defendants' amended answer did not raise a § 12-309 defense, held the motion to dismiss the DCHRA claim in abeyance until the defendants moved to amend their answer to include that defense.  Memorandum Opinion, Aug. 28, 2007 [#37] at 6-7 (citing Harris v. U.S. Dep't of Veterans Affairs, 126 F.3d 339, 345 (D.C. Cir. 1997).  See also Order, Aug. 28, 2007 [#36] (ordering that any defense premised on D.C. Code § 12-309 would be waived by the District if it failed to move within sixty days for leave to file an amended answer).

### B.    Motion to Amend

The District now moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to amend its answer and add as an affirmative defense that the plaintiffs have failed to provide the notice required by D.C. Code. § 12-309.  Defendant District of Columbia's Motion for Leave to Amend its Answer to the Amended Complaint ("Mot. to Amend") [#38].  Without this amendment, the District would be unable to succeed on its motion to dismiss the plaintiffs' DCHRA claims.

Leave to amend a pleading is to be granted "freely," Fed. R. Civ. P. 15(a)(2), and should be granted where there is no showing of "undue delay, bad faith or dilatory motive

7

on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). See also Kontrick v. Ryan, 540 U.S. 443, 459 (2004) ("An answer may be amended to include an inadvertently omitted affirmative defense."). Because an amendment is to be liberally granted, the non-movant bears the burden of showing why amendment should not be allowed. See Dove v. Washington Metro. Area Transit Auth., 221 F.R.D. 246, 247 (D.D.C. 2004).

Rather than meeting their burden of showing why the amendment should not be allowed, the plaintiffs' opposition focuses solely on the merits of a § 12-309 defense. Opposition to Motion for Leave to Amend Complaint [#39] at 1. The merits of a proposed amendment, however, are not the focus of an analysis under Rule 15(a). See Blancett v. U.S. Bureau of Land Mgmt., No. 04-CV-2152, 2006 WL 696050, at *8 n.12 (D.D.C. Mar. 20, 2006) (noting the "liberal standard for amendments to pleadings," and distinguishing a Rule 15(a) analysis from a "determination on the merits that such amendments ha[ve] a likelihood of success."). Cf. Foman, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Regardless, there is no evidence here of "undue delay, bad faith or dilatory motive" on the part of the District, Foman, 371 U.S. at 182, nor would permitting the amendment be prejudicial to the plaintiffs. See, e.g., Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006) (no prejudice where amendment would not substantially change theory or facts of case,

8

require significant new preparation or discovery, significantly complicate or lengthen the trial, or cause surprise). The motion for leave to amend will therefore be granted.

    **C.**    **Motion to Dismiss**

The Court now turns to the defendants' motion to dismiss the plaintiffs' DCHRA claims on the grounds that the plaintiffs have not complied with D.C. Code. § 12-309. Defendants' Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment [#31]. See also Memorandum Opinion, Aug. 28, 2007 [#37] at 6-7 (holding the defendants' motion to dismiss the DCHRA claims in abeyance).

Section 12-309 of the District of Columbia Code provides in full:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code. § 12-309. Plaintiffs do not claim to have provided notice pursuant to § 12-309, but instead argue that: (1) they were under no obligation to file such a notice, and (2) the District waived its right to raise § 12-309 as a defense.

The Court has already addressed, and rejected, the contention by the plaintiffs that they were under no obligation to file a notice pursuant to § 12-309 prior to filing their claims under the DCHRA. Memorandum Opinion, Aug. 28, 2007 [#37] at 5-6. See also Cason v. D.C. Dept. of Corrections, 477 F. Supp. 2d 141, 146 (D.D.C. 2007) (citing Pitts v. Dist. of Columbia, 391 A.2d 803, 807 (D.C. 1978); Brown v. Dist. of Columbia, 853 A.2d 733, 736 (D.C. 1982) ("Compliance with § 12-309 is mandatory as a prerequisite

9

for filing suit against the District.") (internal quotation omitted).  Yet the plaintiffs continue to press this argument, claiming that "notice of a lawsuit is not necessaery (sic) in cases that involve the District of Columbia Human Rights law." Opposition to Motion for Leave to Amend Complaint [#39] at 2.  See also id. at 1 ("'notice' to a local authority is not required in civil rights litigation").  The plaintiffs are wrong.  As discussed in a recent case:

> While the D.C. Court of Appeals has not weighed in on this issue, at least three D.C. Superior Court judges have found that § 12-309 applies to statutory claims, including the DCHRA.  See Cage v. District of Columbia, No. 05-CA-0091, *4-7 (D.C. Super. Ct. June 19, 2007); McFarlane v. New Leaders for New Sch., No. 04-CA-8506, *14 (D.C. Super. Ct. Nov. 10, 2005); Descunter v. District of Columbia, No. 04-CA-7214, *5 (D.C. Super. Ct. Mar. 1, 2005).  Furthermore, at least two courts in this district have found that § 12-309 applies to statutory claims, including DCHRA claims.  E.g. Mazloum v. District of Columbia, 522 F. Supp. 2d 24, 50-51 (D.D.C. 2007) (finding that police report gave necessary notice under § 12-309 for DCHRA claim); Kennedy v. District of Columbia Gov't., 519 F. Supp. 2d 50, 58 (D.D.C. 2007) (finding mandatory notice provision of § 12-309 not satisfied with respect to DCHRA claim).

Byrd v. Dist. of Columbia, 538 F. Supp. 2d 170, 175-76 (D.D.C. 2008) (dismissing unliquidated claims brought under the DCHRA for failure to provide mandatory notice pursuant to § 12-309).  Put simply, a plaintiff bringing claims under the DCHRA for unliquidated damages is not excused from providing notice pursuant to § 12-309.

Plaintiffs next argue that the defendants have waived their right to raise a § 12-309 defense because "at no time was the issue ever raised" prior to the filing of this dispositive motion.  Opposition to Motion for Judgment on the Pleadings or for Summary Judgment [#34] at 3 ("It cannot be raised at this late stages (sic) of the proceedings.").

10

To support their argument, plaintiffs rely on <u>Sanders v. Dist. of Columbia</u>, No. 97-CV-2938, 2002 WL 648965 (D.D.C. Apr. 15, 2002). In <u>Sanders</u>, Judge Friedman held that the notice requirement in § 12-309 was "not jurisdictional" and could thus be waived. <u>Id.</u> at *3 (citing <u>Brown v. United States</u>, 742 F.2d 1498, 1506 (D.C. Cir. 1984) (referencing, without elaboration, "grounds for waiver" of § 12-309)). More recently, however, Judge Kollar-Kotelly accepted as true the consensus of all of the parties before her that § 12-309 "would operate as a jurisdictional bar to Plaintiff's claim against the District if notice is found insufficient." <u>Sperling ex rel. Estate of Oxlaj-Gonzales v. Washington Metro. Area Transit Auth.</u>, 542 F. Supp. 2d 76, 81 (D.D.C. 2008). In another case, Judge Roberts left open the possibility that § 12-309, though not jurisdictional, could only be waived by the failure of a party to assert it as an affirmative defense. <u>R. v. Dist. of Columbia</u>, 370 F. Supp. 2d 267, 270 (D.D.C. 2005) (citing <u>Dellums v. Powell</u>, 566 F.2d 216, 229 (D.C. Cir. 1977) ("Nor is failure to give Section 309 notice a jurisdictional bar to suit [sic] if such failure is not asserted as an affirmative defense it is waived.")).

The Court need not resolve whether § 12-309 is jurisdictional and/or waivable, however, because the facts of this case do not support a finding of waiver. It is true that the defendants did not reference § 12-309 in their motion to dismiss, and that they did not amend their answer to include a § 12-309 defense after Judge Huvelle reinstated the plaintiffs' DCHRA claims. The time between the filing of the plaintiffs' complaint and the first invocation of § 12-309 by the defendants was just barely over a year, however, and during that time there was minimal activity in the case and the defendants underwent a change of counsel. This is in stark contrast to <u>Sanders</u>, where the District had litigated for over four years before raising a § 12-309 defense, during which time it had

11

"vigorously" litigated the case and had filed "numerous motions." 2002 WL 648965, at *3. See also Lerner v. Dist. of Columbia, 362 F. Supp. 2d 149, 166 (D.D.C. 2005) (holding that the defendant had waived a § 12-309 defense by not raising it during the several preceding years, in the previous two motions to dismiss, or in its answer).

The notice provision in § 12-309, which states clearly that an "action may not be maintained against the District of Columbia for unliquidated damages" unless the Mayor is notified within six months of the injury, is to be "strictly construed in favor of the District." Ibrahim v. Dist. of Columbia, 539 F. Supp. 2d 143, 148 (D.D.C. 2008) ("Because the statute is a waiver of sovereign immunity, it is strictly construed in favor of the District."); Hardy v. Dist. of Columbia, 616 A.2d 338, 340 (D.C. 1992) ("Being in derogation of the common law, the statute [§ 12-309] is strictly construed."). The facts of this case do not support diverging from the plain language of the statute. Because the plaintiffs failed to comply with § 12-309, their claims against the District[4] based on the DCHRA will be dismissed.

### III.   Conclusion

For the reasons described above, the Court's order to show cause will be discharged, the defendants will be given leave to amend their answer, and all claims against the District based on the DCHRA will be dismissed. An Order accompanies this Memorandum Opinion.

Date:  August 12, 2008                           /s/
                                           JOHN M. FACCIOLA
                                           UNITED STATES MAGISTRATE JUDGE

---

[4]   The notice requirement of § 12-309 applies only to "the District of Columbia," and not to individual defendants. D.C. Code § 12-309.