UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLENN GIARDINO, *et. al.*, ) | |
| ) | C.A. No.: 06-0469 (JMF) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant District of Columbia answers Plaintiffs' Amended Complaint as follows:

**FIRST DEFENSE**

Defendant District objects to Plaintiffs' Amended Complaint because it does not comply with Fed. R. Civ. P. 10(b). Rule 10(b) requires that each averment of a claim or defense be separately stated in a numbered paragraph. The Court should not consider allegations that violate this rule since it is inordinately difficult for this defendant to identify each allegation of fact.

**SECOND DEFENSE**

As to the allegations of Plaintiffs' Amended Complaint, defendant District answers as follows:

<u>Count One</u> (unnumbered paragraphs)

Defendant District admits that Plaintiffs were appointed members of the Metropolitan Police Department and lacked a contractual relationship with the District of Columbia government. Defendant District admits that the District of Columbia is a body corporate for

municipal purposes.  Defendant District neither admits nor denies the third through seventh sentences of the first unnumbered paragraph as these are legal conclusions and not short and plain statements of fact as required by Fed. R. Civ. P. 8(a).  Defendant District denies the last sentence of the first unnumbered paragraph.

### "Part I"

Defendant District objects to Part I of Plaintiffs' Amended Complaint because it does not comply with Fed. R. Civ. P. 10(b).  Rule 10(b) requires that each averment of a claim or defense be separately stated in a numbered paragraph.  The Court should not consider allegations that violate this rule since it is inordinately difficult for the District to identify each allegation of fact to which a response is necessary.

(1)     Defendant District denies that Lieutenant Parker engaged in any unlawful act. Defendant District lacks sufficient information to either admit or deny the first, third, fourth, fourteenth, twenty-second, twenty-third, twenty-seventh, sentences of Part I of Plaintiffs' Amended Complaint.  To the extent a response is required, the District denies the allegations and demands strict proof thereof from Plaintiffs.  Defendant District denies the second, fifth through thirteenth, fifteenth through twentieth, twenty-fourth, twenty-fifth, twenty-sixth, twenty-eighth, twenty-ninth, and thirtieth sentences of Part I of the Amended Complaint.  Defendant District admits that a stolen property report was taken when defendant Shepard reported it.

### "Part II"

Defendant District objects to Part II of Plaintiffs' Amended Complaint because it does not comply with Fed. R. Civ. P. 10(b).  Rule 10(b) requires that each averment of a claim or defense be separately stated in a numbered paragraph.  The Court should not consider allegations

that violate this rule since it is inordinately difficult for the District to identify each allegation of fact to which a response is necessary.

(1)  Defendant District admits that Plaintiff Giardino was assigned to the Third District detectives. The District denies the remaining allegations in Paragraph 1.

(2)  Defendant District denies the allegations contained in Paragraph 2.

(3)  Defendant District denies the allegation of Paragraph 3.

(4)  Defendant District denies the allegation of Paragraph 4.

(5)  Defendant District denies the allegation of Paragraph 5.

(6)  Defendant District admits that Plaintiff Giardino requested leave and that the leave was approved as requested.

(7)  Defendant District denies the allegation of Paragraph 7.

(8)  Defendant District denies the allegation of Paragraph 8.

(9)  Defendant District admits that schedules for all detectives were changed for legitimate business reasons and denies the allegation that the change in shift was unlawful.

(10) Defendant District denies the allegation contained in the first and second sentences of Paragraph 10 of Part II of the Amended Complaint. Defendant District admits that Plaintiff Giardino was notified of his below-average performance. Defendant District is unable to either admit or deny the remaining allegations because they are too vague to respond. To the extent a response is required, the District denies the allegations.

(11) Defendant District lacks sufficient information to either admit or deny the allegations contained in Paragraph 11 of Part II of the Amended Complaint. To the extent a response is required, the District denies the allegations.

(12) [No Paragraph 12]

(13)    Defendant District admits that Plaintiff Giardino received a performance evaluation that reflected his performance.  Defendant District denies plaintiff Giardino's allegation that similarly situated individuals of a different race and age were not treated as the plaintiff Giardino was treated.  The remaining allegations in Paragraph 13 of Part II of the Amended Complaint are conclusions of the pleader to which no response is required.  To the extent a response is required, this defendant denies the allegations.

(14)    Defendant District denies the allegation of Paragraph 14 of Part II of the Amended Complaint.

(15)    Defendant District admits that Plaintiff Giardino was transferred.  Defendant District lacks sufficient information to either admit nor deny the remaining allegations contained in Paragraph 15 of Part II of the Amended Complaint as it is too vague to admit or deny.  To the extent a response is required, the District denies the allegations.

## Count II

(1)    Defendant District denies the allegation of Paragraph 1 of Count II of the Amended Complaint.

(2)    Defendant District denies the allegation of Paragraph 2 of Count II of the Amended Complaint.

(3)    Defendant District denies the allegation of Paragraph 3 of Count II of the Amended Complaint.

Further answering, the District denies any allegations that it has not specifically denied or to which it has not otherwise responded.

## Relief Requested

Defendant District denies that Plaintiffs are entitled to any relief.

### THIRD DEFENSE

Plaintiffs failed to exhaust their administrative remedies.

### FOURTH DEFENSE

The District exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior, and Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the District or to avoid harm otherwise.  See Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

### FIFTH DEFENSE

Plaintiffs' claims may be barred by the doctrines of issue preclusion and/or claim preclusion.

### SIXTH DEFENSE

Plaintiffs' age, race, and allegedly protected activity were not motivating factors in connection with any employment decision concerning them.

### SEVENTH DEFENSE

The District acted at all times relevant herein consistently with all applicable laws, rules, regulations, constitutional provisions and standards of care.

### EIGHTH DEFENSE

Plaintiffs' claims may be barred in whole or in part by laches, lack of standing under Article III of the Constitution, and other recognized defenses to the issuance of equitable or declaratory relief.

### NINTH  DEFENSE

The statute of limitations may bar plaintiffs' claims.

### TENTH DEFENSE

The District may not be held liable for the alleged unconstitutional acts of its employees acting outside the scope of their employment.

### ELEVENTH DEFENSE

Plaintiffs have failed to comply fully with the mandatory notice requirements of D.C. Official Code § 12-309 (2001 ed.).

### TWELFTH DEFENSE

Plaintiffs may have failed to mitigate their damages.

### JURY DEMAND

Defendant District demands a trial by jury with the maximum numbers permitted by law.

> Respectfully submitted,
>
> LINDA SINGER
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
>  \s\
> PATRICIA A. JONES [428132]
> Chief, General Litigation Sec. IV
>
>  \s\
> MICHAEL P. BRUCKHEIM [455192]
> Assistant Attorney General
> 441 4TH Street, NW, 6th Floor-South
> Washington, D.C. 20001
> 202-724-6649; 202-727-6295
> E-mail: Michael.bruckheim@dc.gov